**OLYMPIC TRAMPOLINES, INC.,**
Appellant,

v.

**Chuck BASHAW, Appellee.**

**No. 437.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 9, 1970.

John E. Humphreys, Humphreys, Mc-Leaish & Eberstein, Dallas, for appellant.

Nat Friedman, Houston, for appellee.

BARRON, Justice.

Plaintiff, Chuck Bashaw, filed suit against Olympic Trampolines, Inc., alleged to be a Texas corporation with an office in Dallas, Texas, and Edward W. Russell, a resident of Dallas, Texas, alleging certain fraudulent acts committed by the defendants in Harris County, Texas, whereby said plaintiff alleged that he sustained actual damages in the sum of $6,100, exemplary damages in the sum of $5,000, and a reasonable attorney's fee. Suit was filed by plaintiff in the District Court of Harris County, Texas, on February 11, 1970. Citation was served on the defendants on February 20, 1970.

On February 26, 1970, the plaintiff, Chuck Bashaw, died suddenly. Defendants filed pleas of privilege to be sued in a District Court of Dallas County, Texas, and subject thereto filed their answer on March 12, 1970. On March 26, 1970, Virginia Bashaw, surviving wife of Chuck Bashaw, deceased, filed "Motion for Suggestion" of the death of her husband, and the trial court ordered that the surviving wife be made party plaintiff and that such suit proceed in her name. On March 30, 1970, the defendants filed their answer and their motion to strike the plaintiff's "Motion for Suggestion" on the ground that the surviving spouse of Chuck Bashaw was not qualified to be substituted, and that under Rule 151, Texas Rules of Civil Procedure, only the heirs, executor or administrator of deceased's estate were proper parties to be substituted on the death of the plaintiff. On August 13, 1970, plaintiffs' first amended original petition was filed wherein Virginia Bashaw, surviving spouse of Chuck Bashaw, for herself and as next friend and natural guardian of James Edward Bashaw and Francis Charles Bashaw, III, were named as parties plaintiff and all were named as the heirs of Chuck Bashaw, deceased. The new plaintiffs were alleged to be residents of Harris County, Texas. On August 19, 1970, the original attorney for defendants filed motion in the trial court for permission to withdraw as defendants' attorney, and on August 31, 1970 permission was granted. The trial court substituted John E. Humphreys as attorney for the defendants.

On August 19, 1970, defendants' motion to sustain their plea of privilege was filed in the trial court on the ground that their plea of privilege was not controverted by plaintiff within ten days from receipt thereof as required by Rule 86, T.R.C.P., nor had the plaintiff moved for any extension of time for filing and had not shown good cause for his failure to so file. As stated above, the plaintiff had died before the filing of the plea of privilege in this case.

On August 31, 1970 the trial court, after a hearing, overruled defendants' plea of privilege, and the defendants, Olympic Trampolines, Inc. and Russell have appealed.

We hold that the action of defendants in filing their motion in the trial court to strike plaintiff's "Motion for Suggestion" on March 30, 1970, which motion was never withdrawn or dismissed, amounts to a waiver of their plea of privilege as a matter of law. Atwell v. Talk, 202 S.W.2d 314, 317 (Tex.Civ.App.), no writ. While the trial court made no formal ruling on the motion, such was made unnecessary by reason of substitution of all the heirs of Chuck Bashaw by amendment and filing of plaintiffs' petition on August 13, 1970 in accordance with the demands of defendants'

motion. After the filing of the plea of privilege the defendants came into court and moved that plaintiff's motion for suggestion be overruled. The effect of that was to invoke the jurisdiction of the trial court in a matter other than the mere plea of privilege. See Barrett v. Cheatham, 281 S.W.2d 761 (Tex.Civ.App.1955), no writ; Mooney Aircraft, Inc. v. Adams, 377 S.W.2d 123, 125–126 (Tex.Civ.App.1964), no writ; St. Louis & S. F. R. Co. v. Hale, 109 Tex. 251, 206 S.W. 75 (1918). An implied waiver of venue occurs when a party takes some action inconsistent with his position upon the venue issue and therefore is held to have waived his rights thereon. McDonald, Texas Civil Practice, Vol. 1, Sec. 4.40, (1965 Rev.), pp. 572–573.

The judgment of the trial court is affirmed.