**COPE CONSTRUCTION COMPANY et al., Appellants,**

v.

**Randy POWER, Appellee.**

**No. A2066.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 10, 1979.

Rehearing Denied Nov. 14, 1979.

Kurt T. Nelson, Vinson & Elkins, Houston, for appellants.

John O'Quinn and Ernest H. Cannon, Riddle, Murphrey, O'Quinn & Cannon, Michael Phillips, Boswell, O'Toole, Davis & Pickering, Houston, for appellee.

Before MILLER, PRESSLER and SALAZAR, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the overruling of appellants' plea of privilege.

On June 13, 1975, Randy Power suffered injuries when thrown from the tailgate of a moving pick-up truck. The truck was owned by appellant Cope Construction Co. (Cope), and driven by Herman Yeager (Yeager), a construction foreman employed by Cope. Yeager was driving the truck from where they had eaten lunch to the job site. Power and another employee were riding on the tailgate, and Power was thrown off and injured. Appellee filed a workers' compensation claim with Cope's carrier, Liberty Mutual Insurance Company. The Industrial Accident Board found total and permanent disability. Liberty Mutual filed suit in Galveston County, where the injury occurred, questioning whether Power was in the course of his employment. Power then filed a common-law tort claim in Galveston County against appellants. Appellants filed a plea of privilege in accordance with Tex.R.Civ.P. 86, and Power filed a Controverting Affidavit. Power then filed a Motion to Consolidate the two causes and an amended Controverting Affidavit. Both parties participated in a hearing on April 27, 1978, concerning the Motion to Consolidate. The trial court granted this motion. Appellants filed a Motion to Reconsider the Consolidation which was heard on August 31. At this hearing the Motion to Reconsider was denied, and the court then proceeded to hear arguments on the plea of privilege which was later overruled.

Appellants allege two points of error. First, the trial court erred in overruling appellants' plea of privilege insofar as the decision was based upon the negligence exception to the Venue Statute, Tex.Rev.Civ. Stat.Ann. art. 1995 § 9a. They alleged that any negligence on the part of the appellants could not be actionable being barred by the Workers' Compensation Statute, Tex.Rev. Civ.Stat.Ann. art. 8306 § 3. Second, the trial court erred in sustaining venue in Galveston County insofar as that decision rested upon the multiple defendants exception to the Venue Statute, Tex.Rev.Civ.Stat. Ann. art. 1995 § 29a, since appellants were not necessary parties to the suit filed by Liberty Mutual against appellee as required by Section 29a. The consolidation of the cases which permitted appellee to rely on Section 29a was claimed to be error.

While both of these contentions raise interesting questions of law, resolving them would not control this case. Appellants, without reserving the rights asserted by filing the plea of privilege, waived their plea of privilege ". . . by actions which invoke[d] the judicial power of the court in a manner inconsistent with a continuing intention to insist upon the plea." 1 McDonald, Texas Civil Practice, Venue § 4.40, pages 572–574 (1965 rev.). These actions consisted of urging the trial court to deny appellee's Motion to Consolidate and, after consolidation was ordered, filing and urging a Motion to Reconsider the court's decision ordering consolidation. The Motion to Reconsider was denied and the ruling thereon was recorded on the court's docket prior to commencement of the plea of privilege hearing.

Although there are no decisions specifically holding that such actions alone constitute a waiver of a plea of privilege, to so hold is consistent with the standards set by prior decisions. *O'Neal v. Texas Bank and Trust Co. of Sweetwater,* 118 Tex. 133, 11 S.W.2d 791 (Tex.1929) (waived by submitting, for determination by the court, a plea in abatement); *Douglas v. Baker,* 79 Tex. 499, 15 S.W. 801 (Tex.1891) (waived by pleading to a cross action in which affirmative relief was sought); *Southwestern Bell Telephone Company v. Thomas,* 535 S.W.2d 686 (Tex.Civ.App.—Corpus Christi 1976), *rev'd on other grounds,* 554 S.W.2d 672 (Tex.1977); *First State Bank and Trust Company of Rio Grande City v. Colpaugh,*

489 S.W.2d 675 (Tex.Civ.App.—San Antonio 1973, no writ) (waived by urging a motion to dismiss prior to disposition of defendant's plea of privilege); *Olympic Trampolines Inc. v. Bashaw,* 462 S.W.2d 345 (Tex.Civ. App.—Houston [14th Dist.] 1970, no writ) (waived by filing a motion to strike plaintiff's "Motion for Suggestion"); *Mooney Aircraft Inc. v. Adams,* 377 S.W.2d 123 (Tex.Civ.App.—Dallas 1964, no writ) (waived by filing a motion to consolidate).

We hold that the appellant waived his plea of privilege. The judgment is, therefore, affirmed.