John G. WHITWORTH, Appellant,

v.

Michael J. KUHN, trustee, Appellee.

No. 3–86–041–CV.

Court of Appeals of Texas, Austin.

June 17, 1987.

Fisher Alsup, Alsup & Alsup, Corpus Christi, for appellant.

Catherine S. Clapsaddle, Salmanson, Smith, Deitch & Travis, Austin, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

PER CURIAM.

Michael J. Kuhn sued John G. Whitworth in Travis County to recover $5,664.00 in unpaid rent, insurance premiums, property taxes, repair and cleaning costs, and attorney's fees allegedly due under a lease of real property located in Nueces County. After denying Whitworth's motion to transfer venue to Nueces County (the county of Whitworth's residence), the trial court granted summary judgment for Kuhn for the full amount sought. We will affirm in part and reverse in part the judgment of the trial court.

## THE CONTROVERSY

Kuhn filed this lawsuit on February 7, 1985, seeking damages under an alleged lease agreement between him and Whitworth. Whitworth filed his original answer and motion to transfer venue on March 14, 1985. One year later, on March 13, 1986, Kuhn served interrogatories and requests for admissions upon Whitworth, and on March 18, 1986, Kuhn filed a motion for summary judgment. On April 4, 1986, Whitworth requested a hearing on his motion to transfer venue, and on April 18, 1986, he filed his answers to Kuhn's interrogatories and requests for admissions. Because Whitworth failed to respond to Kuhn's requests for admissions within 30 days of receipt, all the admissions were deemed admitted by operation of law. Tex. R.Civ.P.Ann. 169 (Supp.1987); *Laycox v. Jaroma, Inc.*, 709 S.W.2d 2 (Tex.App.1986, writ ref'd n.r.e.).

The trial court considered both parties' motions at a hearing on April 24, 1986. After finding venue proper under Tex.Rev. Civ.Prac. & Rem.Code Ann. § 15.035(a) (1986), the trial court granted summary judgment for Kuhn. The summary judgment evidence before the court consisted *inter alia* of the affidavits of Kuhn and his attorney, a copy of the alleged lease attached to Kuhn's affidavit, the deemed admissions, and Whitworth's deposition. The relevant portion of Kuhn's affidavit reads:

> On or about June 5, 1984, I entered into a contract lease agreement with the Defendant John G. Whitworth.... Defendant failed to pay the rent and charges due for January and February of 1985. In addition, the Defendant failed to pay any of the taxes or insurance due under the lease agreement.
>
> As a result of efforts following the clean-up and repair to the building, I was able to re-lease the property, losing only two (2) months of rent. Therefore, I am due $2,000.00 for lost rent; $1,072.00 for eight months of back taxes in the amount of $134.00 per month; and $576.00 for insurance for the preceding eight (8) months at $47.00 per month. In addition, I spent $600.00 for the cleaning and repair of the premises necessarily incurred to place the premises in good condition in order to re-lease it. Because of the defaults by the Defendant, I have been damaged in the total sum of $4,248.00, as well as having to incur attorney's fees in having to collect on this amount.

The affidavit of Kuhn's attorney reads in part:

> I am an attorney licensed to practice in the State of Texas. I reside and practice in Travis County, Texas, and I am aware of what is customarily charged as reasonable attorney's fees in Travis County for suits such as this one.
>
> It is my opinion that a reasonable attorney's fee for the legal work performed on behalf of Plaintiff in the trial of this lawsuit is $1,416.00.

The deemed admissions include the admission that in June 1984 Whitworth leased from Kuhn a certain building in Corpus Christi; that the term of the lease was June 1, 1984, to May 31, 1985; that the rent was to be $750.00 per month during the first six-month period and $1,000.00 per month during the second six-month period; that under the lease Whitworth "was obligated to pay for insurance" and "real property taxes"; that Whitworth failed to make rental payments after December 1984 and failed altogether to pay for insurance and property taxes; and that under the lease Kuhn is entitled to reasonable attorney's fees in the event of a breach.

Finally, in his deposition, Whitworth essentially admitted that a lease agreement existed between him and Kuhn and that the provisions of the lease were generally as alleged by Kuhn. He specifically denied, however, that Kuhn had expended any funds repairing and cleaning the leased premises:

> Q. And the condition of the property [when you left] was?
>
> A. As I moved into it.
>
> Q. Okay. It didn't need any additional cleaning or repairs?
>
> A. None whatsoever.
>
> . . . . .
>
> Q. Okay. When you say that you rented the building for Mr. Kuhn, what do you mean you rented the building for Mr. Kuhn?
>
> A. I found him another client.
>
> Q. Okay. In other words, what you're saying is, a tenant that's there now—
>
> A. The tenant that is there now—
>
> Q. —you brought in.
>
> A. —who signed a three-year lease with him—
>
> Q. Okay.
>
> A. —for the same amount of money.
>
> Q. Okay.
>
> A. And spent money out of his pocket to repair the building and put it in—the way he wanted it. It did not come out of Mr. Kuhn's pocket.

### THE POINTS OF ERROR

In his first three points of error, Whitworth contends the trial court erred in de-

nying his motion to transfer venue because (allegedly) no "exception" to the general venue statute is applicable to this cause. *See* Tex.Civ.Prac. & Rem.Code Ann. § 15.-001 (1986).

■ Texas R.Civ.P.Ann. 87(1) (Supp. 1987) provides in part:

> The determination of a motion to transfer venue shall be made promptly by the court and such determination must be made in a reasonable time prior to commencement of the trial on the merits. The movant has the duty to request a setting on the motion to transfer.

It is apparent that this language contemplates a speedy determination of a venue question. Indeed, we find it implicit in the language and purpose of this rule that a movant may not sit on his rights indefinitely without incurring waiver. *See* 3 W. Dorsaneo, *Texas Litigation Guide* § 61.05[4] (1987). Thus, while a trial court may rule on a venue motion without a hearing, the movant is under a duty to request a hearing to urge his motion within a reasonable time. Here, Whitworth waited more than a year after filing his motion to transfer venue before requesting a hearing on that motion. His complete lack of diligence is inconsistent with the purpose of Rule 87(1), and the trial court could have refused his motion on that basis. Nevertheless, the trial court considered the motion prior to the summary judgment proceeding. Kuhn asserted that venue was proper in Travis County because (allegedly) the written lease agreement required rental payments to be made in Travis County. *See* Tex.Civ. Prac. & Rem.Code Ann. § 15.035(a) (1986). Whitworth never specifically denied this allegation but asserted only that the leased premises were in Nueces County and that he was entitled to be sued in his county of residence. Even under the general venue statute, this claim would be insufficient to defeat venue and require transfer. Points one, two, and three are overruled.

■ In point four, Whitworth argues the trial court erred in not signing a *written* order denying his motion to transfer venue. This point is without merit. Leaving aside the fact that ■ Whitworth apparently never

asked the trial judge to sign such an order, the statement of facts reflects that the judge orally denied the venue motion from the bench. This was sufficient. *Walker v. Harrison,* 597 S.W.2d 913 (Tex.1980); *see* Tex.R.Civ.P.Ann. 306a(2) (Supp.1987). Point four is overruled.

In points five and six, Whitworth maintains the trial court erred in granting summary judgment because (allegedly) material fact issues exist as to the contents of the lease, the parties to the lease, and the amount of damages (if any) and attorney's fees.

■ Summary judgment is a harsh remedy and will be denied unless the movant clearly establishes there is no genuine issue as to any material fact. *Wilcox v. St. Mary's Univ.,* 531 S.W.2d 589 (Tex.1975). Admissions, affidavits, and depositions may form part of the record on which a motion for summary judgment is decided. Tex.R. Civ.P.Ann. 166–A(c) (Supp.1987). Deemed admissions may not be contradicted by other summary judgment evidence. *Smith v. Home Indem. Co.,* 683 S.W.2d 559 (Tex. App.1985, no writ).

■ In view of the deemed admissions and the other uncontroverted evidence, it is apparent that Kuhn has established the existence of a lease; Whitworth's liability under that lease; the specific terms of the lease regarding rent; and the general terms of the lease regarding insurance, property taxes, and reasonable attorney's fees. *See Sunbelt Const. Corp. v. S & D Mechanical,* 668 S.W.2d 415 (Tex.App.1983, writ ref'd n.r.e.). However, Kuhn's affidavit evidence regarding the precise *amount* of damages due him for insurance costs and property taxes does not *conclusively* establish the amount of such damages, because such evidence is not readily controvertible by Whitworth. *See* Rule 166–A(c), *supra.* Likewise, given Whitworth's deposition, it is obvious that Kuhn has not conclusively established that he is due $600.00 for repair and cleaning costs.

Therefore, we reverse that part of the judgment awarding damages for insurance costs, property taxes, and repair and clean-

ing costs, and remand the cause for trial on those matters. The judgment of the trial court is in all other respects affirmed.