**David C. CARLILE, Appellant,**

v.

**RLS LEGAL SOLUTIONS, INC., Appellee.**

No. 14–02–00792–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 30, 2004.

Rehearing Overruled July 8, 2004.

---

Mark D. Strachan, Marshall, for appellants.

Brian D. Womac, Houston, for appellees.

Panel consists of Justices EDELMAN, FROST, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

David C. Carlile appeals a judgment rendered in favor of RLS Legal Solutions, Inc. ("RLS"), on three grounds: (1) the trial court erred in denying his motion to transfer venue; (2) there was legally and factually insufficient evidence to support the jury's award of attorney's fees; and (3) the trial court erred in excluding evidence. We affirm.

### I. FACTS AND PROCEDURAL HISTORY

Carlile is an attorney practicing law in Harrison County, Texas. The subject of this appeal stems from a toxic tort case styled *Frazier v. Ashland* ("*Frazier* litigation"), filed by Carlile in Harrison County on behalf of approximately 600 plaintiffs and involving over 170 defendants. In connection with that case, Carlile requested copies of various discovery documents from defense counsel Baker Botts pursuant to Texas Rule of Civil Procedure

203.3.[1] Baker Botts, in turn, referred Carlile to RLS to obtain the copies because the *Frazier* defendants had contracted with RLS to act as a repository and document retrieval system on their behalf.

RLS furnished the requested copies to Carlile; however, a dispute arose over the charges billed. Consequently, RLS filed suit against Carlile in a Harris County court on a sworn account and asserting breach of contract and quantum meruit claims. Both Carlile and RLS filed a number of pretrial motions, including a motion to transfer venue filed by Carlile in January 2001. The trial court heard Carlile's venue motion on March 18, 2002. The following day, March 19, the case proceeded to trial. The jury rendered a verdict in favor of RLS awarding the amount due on the account, attorney's fees, and interest. On March 20, the court signed an order denying Carlile's venue motion and entered judgment in accordance with the jury's verdict. This appeal ensued.

### II. VENUE

In his first issue, Carlile argues the trial court erred in denying his motion to transfer venue because RLS failed to properly plead and prove venue. According to Carlile, because RLS's original petition alleged venue was proper in Dallas County pursuant to section 15.011 of the Texas Civil Practice and Remedies Code,[2] RLS failed to establish that venue was proper in Harris County. RLS contends Carlile waived his venue objections.

---

1. Pertinent to this appeal, Rule 203.3 provides, "[t]he party receiving the original deposition transcript ... must make it available upon reasonable request for inspection and copying by any other party. Any party or the witness is entitled to obtain a copy of the deposition transcript ... from the deposition officer upon payment of a reasonable fee." TEX.R. CIV. P. 203.3(c).

2. Section 15.011 provides that actions regarding interests in real property must be brought in the county in which the real property is located. TEX. CIV. PRAC. & REM.CODE ANN. § 15.011 (Vernon 2002).

■ The trial court's order denying Carlile's venue motion does not indicate whether it was denied because the court deemed the venue objection waived or concluded venue was proper in Harris County.[3] Thus, we address the waiver issue first. *Gen. Motors Corp. v. Castaneda*, 980 S.W.2d 777, 785 (Tex.App.-San Antonio 1998, pet. denied) (Butts, J., dissenting) (addressing waiver issue first when trial court's order did not state reason for denying venue motion). The standard of review regarding a trial court's determination of waiver under these circumstances is abuse of discretion. *See id.* at 787 (op. on reh'g).[4]

■ It is well recognized that, by filing a lawsuit, the plaintiff is given the first choice regarding venue. *See In re Masonite Corp.,* 997 S.W.2d 194, 197 (Tex.1999); *Wilson v. Tex. Parks & Wildlife Dep't,* 886 S.W.2d 259, 260 (Tex.1994). If the plaintiff's choice is not properly challenged through a motion to transfer venue, venue is fixed in the county in which the plaintiff filed suit. *Wilson,* 886 S.W.2d at 260. If a movant objecting to improper venue does not file a written motion to transfer prior to or concurrently with any other plea, pleading or motion, the objection is waived. Tex.R. Civ. P. 86(1).

[4–6] A party may also expressly waive venue rights by clear, overt acts evidencing an intent to waive, or impliedly, by taking some action inconsistent with an intent to pursue the venue motion. *Grozier v. L–B Sprinkler & Plumbing Repair,* 744 S.W.2d 306, 309–10 (Tex.App.-Fort Worth 1988, writ denied); *see also Castaneda,* 980 S.W.2d at 785. Generally, these actions invoke the judicial power of the courts. *Gentry v. Tucker,* 891 S.W.2d 766, 768 (Tex.App.-Texarkana 1995, no writ); *Grozier,* 744 S.W.2d at 310. A movant may urge a preliminary motion without waiving venue objections, provided the motion does not involve a hearing on the merits. *See Gentry,* 891 S.W.2d at 768; *Calloway v. Calloway,* 442 S.W.2d 926, 928 (Tex.Civ.App.-Eastland 1969, no writ).

In this case, RLS filed its original petition against Carlile in November 2000. Both RLS and Carlile assert Carlile originally filed his motion to transfer venue in January 2001; however that document is not contained in the record. Instead, the next document in the record relative to the venue issue is a motion for summary judgment filed by RLS on May 25, 2001. The trial court granted the summary judgment on June 26, 2001, and awarded RLS damages, attorney's fees, and judgment interest. Notice of the judgment was mailed on that same day. On July 25, 2001, Carlile filed a motion for new trial.

In the initial paragraph of his motion for new trial, Carlile noted that he had attempted to file a response, entitled "Defendant's Motion for Continuance, Motion to Set a Hearing to Transfer Venue, Special Exceptions and Objections to the Plaintiff's Offer of Proof as to Plaintiff's Motion for Summary Judgment, and Response to Motion for Summary Judgment" ("Response"), to RLS's summary judgment motion. However, Carlile stated the county clerk mistakenly refused to file his Response and instead, returned it. Following this paragraph, Carlile's motion re-

---

3. The court's order stated it "considered" Carlile's motion to transfer venue, but did not indicate the basis of its ruling.

4. *Compare Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 758 (Tex.1993) (reviewing entire record to determine whether there was any probative evidence to support trial court's determination of venue), *with Castaneda,* 980 S.W.2d at 787 (noting that correct standard of review of a trial court's determination of waiver of motion to transfer venue is abuse of discretion).

quested the court vacate the order granting summary judgment, stating:

> The Court committed error in the application of the law and abused its discretion by granting [RLS's] motion without considering Defendant's response. Defendant would show that the Harris County Clerk exceeded her authority by refusing to file Defendant's response to [RLS's] motion for summary judgment.... Thus, the Court should have considered Defendant's response to [RLS's] motion for summary judgment.
>
> The Defendant filed his summary judgment response on June 14, 2001 which is more than seven (7) days before the submission date of June 22, 2001.... Thus, Defendant's summary judgment response is timely filed because it was mailed at least seven (7) days before the hearing date for the motion for summary judgment....

In the motion, Carlile argued further that his Response raised a fact issue on the existence of a contract, its terms, and attorney's fees; Carlile also challenged RLS's summary judgment evidence. Importantly, however, Carlile did not assert any arguments regarding venue. He did not reassert his venue objections or make the motion for new trial subject to his venue motion. Moreover, Carlile could have relied on his venue motion and appealed the summary judgment, but he did not. Other than attaching a copy of the Response, Carlile's motion for new trial argued only the merits of the summary judgment.[5]

At least one Texas appellate court has concluded that filing a motion for new trial can be an action inconsistent with an intent to continue to assert an objection to improper venue, thus waiving the venue motion. See, e.g., Grozier, 744 S.W.2d at 311.

In *Grozier,* the court found that despite the defendant's request for a hearing on his venue motion, he was not entitled to a ruling on it prior to the court's consideration of the plaintiff's motion for summary judgment because on the date of the hearing the defendant's attorney did not insist that the court rule on the motion. *Id.* Instead, at the hearing, defendant's counsel requested permission to withdraw from the case; the defendant did not appear at the hearing or re-request a ruling on his venue motion. *Id.*

As described by the *Grozier* court, by filing a motion for new trial when the venue motion was pending, the defendant engaged in "an act seeking to invoke the authority of the court whose authority" he challenged. *Id.* In reaching this conclusion, the *Grozier* court relied on *Liberty Enterprises, Inc. v. Moore Transportation Company,* a Texas Supreme Court case involving a special appearance. 690 S.W.2d 570 (Tex.1985). In that case, Liberty stated in its motion for new trial that it was ready to try the case whenever it was properly set, and agreed with the trial court's order reinstating the case. *Id.* at 571. The Texas Supreme Court concluded that in doing so, Liberty submitted to the jurisdiction of the trial court and its "affirmative actions" constituted a general appearance. *Id.* at 571–72.

■ A venue motion is an appearance on the venue issue and, like a special appearance, must be filed prior to or concurrently with any other plea, pleading, or motion. *See* Tex.R. Civ. P. 86. Arguably then, because Carlile's motion for new trial was a pleading which addressed the merits of the summary judgment before Carlile pursued a ruling on his venue motion, the motion for new trial could be construed as an "affirmative action" by which he sub-

---

5. The court granted Carlile's motion for new trial on October 4, 2001.

mitted to the jurisdiction of the trial court. By invoking the judicial power of the trial court in this manner, Carlile acted inconsistently with his objections to venue in Harris County. *See Grozier*, 744 S.W.2d at 311 (finding that a motion for new trial was a pleading invoking the jurisdiction of the court, waiving venue rights); *see also Gentry*, 891 S.W.2d at 768. However, we need not look solely to Carlile's motion for new trial as an implied waiver of his venue motion. The record reflects additional actions which, when examined in conjunction with the motion for new trial, constitute waiver of the venue motion.

■ A party filing a venue motion has the burden to diligently request a setting on the motion and obtain a ruling prior to a trial on the merits. *See* Tex.R. Civ. P. 87(1); *Cliff Jones, Inc. v. Ledbetter*, 896 S.W.2d 417, 418 (Tex.App.-Houston [1st Dist.] 1995, no writ); *Whitworth v. Kuhn*, 734 S.W.2d 108, 111 (Tex.App.-Austin 1987, no writ). A delay in obtaining a hearing provides a basis for the trial court to deny a venue motion. *Bristol v. Placid Oil Co.*, 74 S.W.3d 156, 160 (Tex.App.-Amarillo 2002, no pet.). Here, the record reflects the venue motion was not heard until March 18, 2002 and was not ruled upon until one day after trial.[6] Assuming Carlile filed his original venue motion in January 2001, approximately fourteen months elapsed before Carlile obtained a hearing on the motion, indicating a lack of diligence in securing the hearing.[7] *See, e.g., Ledbetter*, 896 S.W.2d at 419 (finding waiver because appellant failed to pursue venue matter to a "clear ruling" prior to trial); *Whitworth*, 734 S.W.2d at 111 (finding a lack of diligence where movant waited over

one year to request hearing on his venue motion).

Carlile asserts however that the record is "replete" with his attempts to challenge venue. First, Carlile points to his Response dated June 14, 2001, returned to him by the county clerk. As we noted, Carlile did present a request to the trial court for a hearing on his venue motion in those documents. When the clerk returned the documents to Carlile, in June 2001, the clerk also provided Carlile with forms reflecting submission docket procedures. However, the record indicates that Carlile's next attempt to obtain a hearing was on November 26, when he filed a "Motion for Continuance, Motion to Set a Hearing to Transfer of Venue, and Response to Motion for Summary Judgment," in response to another summary judgment motion filed by RLS on November 1. There is a docket sheet notation indicating that a notice of hearing on Carlile's venue motion was filed on November 9, 2001, however there is nothing in the record subsequent to this notation indicating the hearing was held or reset.[8] Thus, although the record reflects Carlile requested a hearing, it does not reflect that he pursued the matter to conclusion, indicating he was perhaps less than diligent—particularly because Carlile was advised of the trial court's docketing procedures in June 2001, and already had suffered an adverse judgment in the case.

Regardless, in February 2002, RLS filed a no-evidence summary judgment motion. Carlile responded by filing a "Motion to Compel, Motion for Continuance, and Response to No Evidence Motion for Sum-

---

6. Carlile asserts that the court orally ruled on his motion on March 18, but there is no evidence of that in the record.

7. We were not furnished with a record of the venue hearing.

8. Carlile asserts in his brief that he set the hearing on his motion for December 20, but was told he would have to reset it because no hearings were being held that week.

mary Judgment." In his motion, Carlile requested the court (1) compel RLS to respond to discovery, and (2) reset the hearing on RLS's summary judgment motion because RLS had not produced requested discovery. *See* TEX.R. CIV. P. 166a(g) (allowing a continuance for discovery to be had). Carlile's motion also addressed the merits of RLS's request for summary judgment. However, again, Carlile did not assert any arguments regarding venue, make the motion subject to his venue motion, nor request a continuance so the venue motion could be heard. By filing a motion for continuance, not conditioned upon his venue motion, Carlile invoked the jurisdiction of the trial court and acted inconsistently with an intent to insist upon his venue motion. *See, e.g., Hambleton v. Dignowity*, 196 S.W. 864, 865 (Tex. Civ.App.-San Antonio 1917, writ ref'd) (finding that plea of privilege was waived, in part, by appellant's filing an unconditional motion for continuance).

In sum, even assuming that none of Carlile's actions or lack of diligence alone sufficed to waive his venue motion, collectively these actions establish a waiver of the motion. *See, e.g., Gentry*, 891 S.W.2d at 768; *Grozier*, 744 S.W.2d at 311; *see also Cope Constr. Co. v. Power*, 590 S.W.2d 721, 722 (Tex.Civ.App.-Houston [14th Dist.] 1979, no writ) (finding request to deny a motion to consolidate and motion to reconsider after consolidation of the cases, constituted actions waiving appellant's plea of privilege); *Nacol v. Williams*, 554 S.W.2d 286, 287-88 (Tex.Civ.App.-Eastland 1977, writ dism'd) (finding a motion to rule for costs unconditioned on appellant's plea in privilege, waived the plea); *Olympic Trampolines, Inc. v. Bashaw*, 462 S.W.2d 345, 346-47 (Tex.Civ.App.-Houston [14th Dist.] 1970, no writ) (finding motion to strike waived plea of privilege).

In response to Carlile's argument that we must reverse the trial court's judgment because RLS failed to establish venue was proper in Harris County, we note that because Carlile waived his venue motion, RLS was not required to produce proof of venue. *See* TEX.R. CIV. P. 87(1), (3); *Grozier*, 744 S.W.2d at 312 (noting venue is not solely about facts established by a movant's motion or disproved by a controverting affidavit, but is also about whether the issue is pursued to a hearing or waived); *see also Masonite*, 997 S.W.2d at 197 (noting that burden shifts to plaintiff to prove venue as alleged if defendant properly challenges plaintiff's choice of venue). We find Carlile waived his venue objections. Thus, the trial court did not abuse its discretion in denying his motion to transfer venue. Accordingly, we overrule Carlile's first issue.

### III. ATTORNEY'S FEES

In his second issue, Carlile argues the evidence is legally and factually insufficient to support the jury's answer on attorney's fees.

■ The standard of review of an award of attorney's fees is sufficiency of the evidence. *See Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 240 (Tex.App.-San Antonio 2001, pet. denied). When a party attacks the legal sufficiency of an adverse finding on an issue it did not have the burden to prove at trial, it must demonstrate that there is no evidence to support the adverse finding. *Id.* at 236. In reviewing a no-evidence issue, we consider all of the record evidence in a light most favorable to the verdict and indulge every reasonable inference from that evidence in support of the verdict. *Id.* We must determine whether the proffered evidence as a whole rises to a level that would "enable reasonable and fair-minded people to differ in

their conclusions." *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex.1994); *Aquila,* 48 S.W.3d at 236.

A challenge to the legal sufficiency of the evidence must be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997). "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983).

When reviewing a challenge to the factual sufficiency of the evidence, we must consider all of the evidence in the record. *See Plas-Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989). If a party is attacking the factual sufficiency of an adverse finding when the other party has the burden of proof, that party must demonstrate that there is insufficient evidence to support the adverse finding. *Aquila,* 48 S.W.3d at 236. In reviewing a factual insufficiency challenge, we weigh and examine all of the evidence which supports the verdict and that which is contrary to it. *Id.* We set aside the verdict only if the evidence is so weak the verdict is clearly wrong and manifestly unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

■ When reviewing the reasonableness of an award of attorney's fees, we should consider: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997). Fees determined to be reasonable and necessary for the prosecution of the suit may be awarded. *Aquila,* 48 S.W.3d at 241.

■ In this case, Brian Womac, RLS's attorney, testified that he entered into a contingent fee agreement with RLS. Under that agreement, Womac received a flat fee of $1,500 and was to receive 35% of any recovery through trial and 40% through appeal. He also testified he had been practicing for seventeen years, concentrating on similar cases, and was familiar with fees customarily charged, and with costs associated with appeals of these cases. Further, he testified he began working on the case in September 2000, by preparing and sending RLS's initial demand letter to Carlile. He stated that after suit was filed, motions were prepared and argued, and "a great deal of discovery" was conducted, including depositions. He also stated the case required extensive research and, because there were two trial settings, he had prepared for trial on two separate occasions. Womac also testified that a jury trial, such as the one at hand, required additional time and expense. He testified he had worked approximately 100 hours on the case and his rate was $175 an

hour; thus, reasonable attorney's fees for the case through trial totaled $17,500. Further, he testified RLS would incur an additional $15,000 in the event of appeal to the court of appeals and $5,000 for an appeal to the Texas Supreme Court. The jury awarded $17,500 in attorney's fees through trial, $7,500 for an appeal to the court of appeals, and $5,000 for an appeal to the Texas Supreme Court.

Carlile does not cite to any evidence contradicting Womac's testimony. Indeed, Carlile merely argues that the amounts awarded are not proportional to Womac's contingent fee agreement. However, he does not refer us to any authority which supports his argument that the award must be proportional to the fee agreement. After examining the evidence and those factors set forth above, we find there is sufficient evidence to support the jury's award of attorney's fees. Accordingly, we overrule Carlile's second issue.

## IV. EXCLUSION OF EVIDENCE

In his final issue, Carlile argues the trial court erred in excluding two exhibits: (1) his letter to defendant's counsel in the *Frazier* litigation requesting copies under Rule of Civil Procedure 203.3, and (2) a copy of Rule 203.3. However, the issue of whether the trial court correctly ruled on the admissibility of this evidence is not properly before us because Carlile failed to preserve the issue for our review. *See* TEX.R.APP. P. 33.1(a).

To preserve error in the exclusion of evidence, a party must:

> (1) attempt during the evidentiary portion of the trial to introduce the evidence; (2) if an objection is lodged, specify the purpose for which [the evidence] is offered and give the trial judge reasons why the evidence is admissible; (3) obtain a ruling from the court; and (4) if the judge rules the

evidence inadmissible, make a record, through a bill of exceptions, of the precise evidence the party desires admitted.

*Estate of Veale v. Teledyne Indus., Inc.,* 899 S.W.2d 239, 242 (Tex.App.-Houston [14th Dist.] 1995, writ denied) (citations omitted); *see also* TEX.R.APP. P. 33.1(a). Here, Carlile's trial counsel offered the two exhibits just prior to trial. After some discussion, the trial court deferred ruling on the admissibility of the exhibits. Carlile's counsel did not attempt to introduce the evidence again until after he had rested and presented his bill of exceptions to the court. Thus, because Carlile did not get a ruling from the trial court on the admissibility of the exhibits when he first attempted to offer them and then failed to offer the exhibits again during the evidentiary portion of the trial, he failed to properly preserve this issue for our review. *See* TEX.R.APP. P. 33.1(a). Accordingly, we overrule Carlile's third issue.

## V. CONCLUSION

In conclusion, we find that Carlile waived his objections to venue, the evidence was legally and factually sufficient to support the award of attorney's fees, and Carlile failed to preserve any error regarding the exclusion of evidence. Accordingly, we affirm the judgment of the trial court.