**Opinion issued November 20, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00863-CV

———————————

## HARRY E. BUNDY JR., Appellant

## V.

## ADESA HOUSTON D/B/A ADESA INC., Appellee

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-87130**

---

### MEMORANDUM  OPINION

Harry E. Bundy, and a business in which he is part owner, Pop-N-See

Popcorn, sued Adesa Houston d/b/a Adesa Incorporated ("Adesa")[1] in Bell County

---

[1]     In its answer to the suit and on appeal, Adesa avers that its proper name is Adesa, Inc.

district court related to the sale of a motor vehicle in Harris County. Adesa filed a motion to transfer venue from Bell County to Harris County and a motion to dismiss pursuant to a forum selection clause contained in an agreement between the parties. The Bell County court granted Adesa's motion to transfer venue to Harris County. After the transfer, the Harris County district court granted Adesa's motion to dismiss the case based on the forum-selection clause. On appeal, raising four issues, Bundy challenges the venue transfer and the dismissal of the case.

Because Bundy has not shown error regarding either the venue transfer or the dismissal, we affirm.

## Background

Adesa is an auction house that offers services for registered auto dealers to buy and sell vehicles on-line. Pop-N-See is a general partnership licensed in Texas to buy and sell salvaged vehicles. Pop-N-See has three partners, including Bundy, who represents himself as Pop-N-See's managing partner. Pop-N-See desired to do business with Adesa to facilitate Pop-N-See's purchase of salvaged vehicles.

Before a buyer of salvaged vehicles, such as Pop-N-See, is permitted to use Adesa's services to make a purchase, the buyer must first fill out an on-line registration application with another business, Auction Access, to verify that the buyers are eligible to make the purchases. Bundy filled out the on-line registration for Pop-N-See and electronically signed the document. Bundy's electronic signature

2

also appears on Adesa's "Dealer Acknowledgment Form" and its "Terms and Conditions," an agreement governing the parties' business relationship. The Terms and Conditions document contains a forum-selection clause that provides,

> By execution of these Terms and Conditions, Customer submits to the personal exclusive jurisdiction of the courts of the State of Indiana and to venue in the Circuit and Superior Courts of Marion County, Indiana and the federal courts of the United States, sitting in Indiana for the adjudication of any matters arising under or in connection with these Terms and Conditions and Auction Rules. Any action initiated by Customer against Auction Company relating to these Terms and Conditions shall be filed and conducted in said Courts. . . .

Using Adesa's auction services, Pop-N-See purchased, as a salvaged vehicle, a Nissan Maxima from a dealership, Jorge's Cars & Trucks, in Houston, Texas. Adesa took possession of the car and had work performed on it. An issue then arose relating to the car's title. Pop-N-See asserted that the car's title indicated that it was not a salvaged vehicle. Pop-N-See averred that it could not purchase the car because it was licensed only to purchase salvaged vehicles.

The parties were not able to resolve the dispute, and Pop-N-See filed suit against Adesa in Bell County, Texas, where Pop-N-See is located. Among its claims, Pop-N-See asserted a breach-of-contract claim against Adesa for "fail[ing] to deliver a good title of ownership for a vehicle [Adesa] auctioned and sold as salvage[.]"

Adesa responded, filing dilatory pleas, including a motion to transfer venue to Harris County. Adesa asserted that "Harris County is a county of proper venue

3

under the general venue rule because it is the county where all or a substantial part of the events giving rise to the claims occurred." It stated that Pop-N-See "purchased the vehicle in question from the Adesa automobile auction facility located in Houston, Harris County, Texas," and "[t]he vehicle purchased by [Pop-N-See] was physically located in Houston, Harris County, Texas." Adesa asserted that the "claims which [Pop-N-See] alleged in its petition relate to and arise under the purchase of the vehicle."

Adesa also filed a motion to dismiss based on the forum-selection clause contained in the Terms and Conditions agreement. Adesa pointed out that the clause provides that it applies to "[a]ny action initiated by [Pop-N-See] against [Adesa] relating to [the] Terms and Conditions." Subject to its dilatory pleas, Adesa answered the suit.

Pop-N-See filed an amended petition in which Bundy joined as an individual plaintiff. Bundy, acting pro se, based his claims on his allegation that he had not agreed to affix his electronic signature to any of the documents other than registration application. Bundy acknowledged that he had electronically signed the registration application with Auction Access, but he denied that he had knowingly signed any contract with Adesa, including the Terms and Conditions agreement. He asserted that Adesa used a "one and done 'click-through' contract acceptance process" by which his electronic signature was unwittingly transferred to the Adesa

4

contract documents, including the Terms and Conditions, when he clicked on and electronically signed the registration application. He cited various statutes and common law causes of action, seeking to hold Adesa liable for "fraud by nondisclosure" because it had not disclosed that his signature would be electronically affixed to the Terms and Conditions. As part of his personal damages, Bundy sought to recover the sum paid for the car, stating that he had paid for it with his own funds.

Pop-N-See and Bundy also added Jorge's Cars & Trucks as a defendant. However, neither plaintiff ever served Jorge's with process.

Bundy and Pop-N-See filed a response to Adesa's dilatory motions, including the motion to transfer venue, before Bundy was added as a plaintiff. After Bundy was added as a plaintiff, Bundy and Pop-N-See filed an amended response. The same day that the amended response was filed, Adesa filed a reply to Pop-N-See and Bundy's response. After being served with the petition adding Bundy, Adesa amended its dilatory pleas and filed an amended answer subject to the pleas.

The Bell County district court conducted a hearing on Adesa's motion to transfer venue. At the end of the hearing, the court granted the motion and signed an order transferring the case to Harris County district court.

Once in Harris County, Pop-N-See settled its claims against Adesa, and the trial court signed an order dismissing Pop-N-See's claims against Adesa with prejudice. Bundy's individual claims remained pending.

After the dismissal of Pop-N-See's claims, Adesa filed a supplement to its motion to dismiss based on the forum-selection clause found in the Terms and Conditions agreement. Adesa pointed out that forum-selection clause is contained in the contract on which Bundy is suing. Adesa averred that "Bundy's pled claims against Adesa in this lawsuit all relate to the purchase of the vehicle and fall within the scope of the forum-selection clause." Adesa further asserted that the forum-selection clause applies because "Bundy's individual claims . . . relate to the purchase of the subject vehicle and thus are intertwined with Pop-N-See Popcorn's claims."

Two weeks after the supplement was filed, the trial court held a hearing on the motion to dismiss based on the forum-selection clause. Bundy filed a response the same day as the hearing. At the hearing, Bundy orally requested a continuance of the hearing, which the trial court denied. After hearing the parties' arguments, the trial court signed an order granting Adesa's motion and dismissing Bundy's claims against Adesa without prejudice to refiling his claims in an Indiana court.

Appearing pro se, Bundy now appeals.[2]  In four issues, he challenges the order

transferring venue from Bell County to Harris County and the trial court's dismissal

of the case based on the forum-selection clause.

## Venue Transfer

In his first issue, Bundy challenges the Bell County district court's order

granting Adesa's motion to transfer venue to Harris County.[3]  Bundy contends that

[2]  Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  A judgment issued without a conventional trial is final for purposes of appeal if it disposes of all pending claims and parties in a case or "states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 193.  We acknowledge that the order granting the motion to dismiss based on the forum-selection clause does not dispose of Pop-N-See's and Bundy's claims against Jorge's Cars & Trucks; it dismisses only Bundy's claims against Adesa.  A judgment that expressly disposes of some, but not all, of the defendants is nevertheless final for purposes of appeal if the only remaining defendants have not been served or filed answers and nothing in the record indicates that the plaintiff ever expected to obtain service on the unserved defendants. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674–75 (Tex. 2004); *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962).  "In these circumstances the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes of appeal."  Here, Jorge's Cars & Trucks has not been served.  However, the failure to effect service of process against an unserved defendant does not, by itself, demonstrate a lack of intent to serve that defendant. *In re Sheppard*, 193 S.W.3d 181, 188 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).  We must determine whether the record shows an intention to serve Jorge's. *See id.*  The amended petition shows that Pop-N-See and Bundy did not intend to serve Jorge's unless Adesa named it as a "responsible party," which the record does not indicate occurred.  Thus, we conclude that the order dismissing Bundy's claims, together with the order dismissing Pop-N-See's claims, is a final, appealable judgment.

[3]  Adesa asserts that Bundy has waived his challenge to the order granting Adesa's motion to transfer venue because his notice of appeal mentioned only the order dismissing his claims based on the forum-selection clause.  Adesa relies on Rule of

7

the motion should have been denied because Adesa waived its objection to venue by failing to follow the due order of pleadings in filing its motion.

We review a trial court's determination of whether a party has waived an objection to venue under an abuse of discretion standard. *Carlile v. RLS Legal Solutions, Inc.*, 138 S.W.3d 403, 406 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Gen. Motors Corp. v. Castaneda*, 980 S.W.2d 777, 787 (Tex. App.—San Antonio 1998, pet. denied). A court abuses its discretion if it acts "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Bundy asserts that Adesa's reply to Pop-N-See's and Bundy's response to Adesa's motion to transfer venue did not comply with Rule of Civil Procedure

Appellate Procedure 25.1 in support of its claim. *See* TEX. R. APP. P. 25.1. A party who seeks to alter a trial court's judgment or other appealable order must file a notice of appeal. TEX. R. APP. P. 25.1(c). The filing of a notice of appeal invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from. TEX. R. APP. P. 25.1(b). Here, Bundy's timely filed notice of appeal invoked our jurisdiction over Adesa, which was a party to the final order dismissing Bundy's claims. Having properly invoked our jurisdiction, nothing in Rule 25.1 limits the issues that Bundy may raise on appeal, including the order granting the motion to transfer venue, which, until the rendition of the order dismissing Bundy's claims, was interlocutory. *See Gunnerman v. Basic Capital Mgmt., Inc.*, 106 S.W.3d 821, 824 (Tex. App.—Dallas 2003, pet. denied) (holding that notice of appeal from final judgment "brought forward the entire case, including earlier interlocutory orders that were not independently appealable"); *Anderson v. Long*, 118 S.W.3d 806, 809–10 (Tex. App.—Fort Worth 2003, no pet.) (holding that appellant could challenge interlocutory partial summary judgment even though notice of appeal stated that appeal was from order sustaining subsequent plea to the jurisdiction).

86(1)'s due-order-of pleading requirement. Rule 86(1) provides that "[a]n objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion." Tex. R. Civ. P. 86(1).

In the trial court, Bundy asserted that Adesa waived its objection to venue because Adesa's reply addressed new venue facts raised by Pop-N-See and Bundy in their amended petition, which was filed after Adesa filed its motion to transfer venue. Bundy claimed that, because Rule 86(1) requires that an objection to venue must be raised in a written motion, any new assertions raised by Adesa in its reply, related to the new venue facts stated in the amended petition, should have been raised in a new motion to transfer venue rather than in a reply.

Rule of Civil Procedure 87(1) provides that a party moving for a venue transfer need not file a reply to the response, "but any reply and any additional affidavits supporting the motion to transfer must, except on leave of court, be filed not later than 7 days prior to the hearing date." Tex. R. Civ. P. 87(1). Thus, the rules of civil procedure not only contemplate the filing of a reply, they also contemplate that the movant may offer, as part of its reply, additional evidence to support its original motion. *See id.*

In any event, "[w]e look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." *State Bar of Tex.*

*v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see also* TEX. R. CIV. P. 71. Thus, even if the new venue arguments addressed in the reply should have been raised in a motion, the Bell County court could have reasonably construed the reply, filed before the court ruled on the original motion, as an amended motion. *See Renzenberger, Inc. v. O'Bryant*, No. 13–05–00090–CV, 2005 WL 1361620, at \*4 (Tex. App.—Corpus Christi June 9, 2005, no pet.) (mem. op.) (concluding that movant's reply, which included new venue allegations and evidence, constituted a timely amended motion to transfer venue when it was filed before trial court ruled on the original motion to transfer).

We conclude that it was within the Bell County district court's discretion to have determined that Adesa did not waive its objection to venue. We hold that Bundy has not shown that the Bell County district court erred when it granted the motion to transfer venue to Harris County.

We overrule Bundy's first issue.

### Forum-Selection Clause

In his second and third issues, Bundy asserts that the trial court erred when it granted Adesa's motion to dismiss based on the forum-selection clause.

**A.  Legal Principles**

A motion to dismiss is the proper procedural mechanism for enforcing a forum-selection clause that a party to the agreement has violated in filing suit. *See*

10

*In re AIU Ins. Co.*, 148 S.W.3d 109, 111–21 (Tex. 2004); *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 610 (Tex. App.—Houston [1st Dist.] 2005, no pet.). We review the trial court's granting of such a motion for an abuse of discretion. *See Phoenix Network Techs. (Europe) Ltd.*, 177 S.W.3d at 610. However, to the extent that our review involves the construction or interpretation of an unambiguous contract, the standard of review is de novo. *See id.*

Forum-selection clauses are generally enforceable and presumptively valid. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010). Enforcement of a forum-selection clause is required unless the party opposing enforcement "clearly shows" that (1) enforcement would be unreasonable and unjust; (2) the clause is invalid for such reasons as fraud or overreaching; (3) enforcement would contravene a strong public policy of the forum where the suit was brought; or (4) the selected forum would be seriously inconvenient for trial. *Id.*

## B. Enforcement of Forum-Selection Clause Against Bundy

Here, the forum-selection clause provides that "[b]y execution of these Terms and Conditions, Customer submits to the personal exclusive jurisdiction of the courts of the State of Indiana . . . for the adjudication of any matters arising under or in connection with these Terms and Conditions and Auction Rules." The Terms and Conditions indicate that "Customer" means "the persons or entities using [Adesa's]

11

services." The Terms and Conditions were signed by Bundy as "owner of" Pop-N-See.

In his second issue, Bundy argues that Adesa's motion to dismiss his claims should have been denied because he did not agree to be bound to the forum-selection clause for his individual claims against Adesa. He asserts that the provision is binding on Adesa's "Customer," which is Pop-N-See, but is not binding on him in his individual capacity because he signed the Terms and Conditions as Pop-N-See's representative. In this regard, Bundy asserts that he was not a signatory to the forum-selection clause for purposes of his individual claims.

In its supplement to the motion to dismiss based on the forum-selection clause, Adesa asserted that the forum-selection clause applies because "Bundy's individual claims . . . relate to the purchase of the subject vehicle and thus are intertwined with Pop-N-See Popcorn's claims." Adesa pointed out that the forum-selection clause is contained in the contract on which Bundy is suing.

Equitable estoppel theories allowing enforcement of arbitration agreements against non-signatories also apply to forum-selection clauses. *See Phoenix Network Techs. (Europe) Ltd.*, 177 S.W.3d at 622–24. Direct-benefits estoppel has been applied to allow a defendant signatory to enforce a forum-selection clause against a nonsignatory plaintiff who is suing based on the contract that contains the forum-selection clause. *See Carlile Bancshares, Inc. v. Armstrong*, No. 02-14-00014-CV,

2014 WL 3891658, at *8 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op.). In determining whether direct-benefits estoppel applies in a forum-selection clause context, we are guided by cases applying direct-benefits estoppel in the context of arbitration clauses. *See Neon Sys., Inc.*, 177 S.W.3d at 623 (citing *In re AIU Ins. Co.*, 148 S.W.3d at 115, 116 (holding arbitration agreement "another type of forum-selection clause" and "no meaningful distinction between this type of forum-selection clause and arbitration clauses")).

In arbitration cases, the doctrine of direct-benefits estoppel applies when a claimant seeks "direct benefits" under a contract containing an arbitration clause, a determination that "'turns on the substance of the claim, not artful pleading.'" *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 527 (Tex. 2015) (quoting *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 132 (Tex. 2005)). "Claims must be brought on the contract (and arbitrated) if liability arises solely from the contract or must be determined by reference to it. On the other hand, claims can be brought in tort (and in court) if liability arises from general obligations imposed by law." *In re Weekley Homes, L.P.*, 180 S.W.3d at 132. If a plaintiff's right to recover and his damages depend on the agreement containing the arbitration provision, the party is relying on the agreement for his claims. *See Meyer*, 211 S.W.3d at 307.

Here, Bundy's claims against Adesa can only be determined by reference to the Terms and Conditions agreement containing the forum-selection clause. Bundy

claims center on his allegations that Adesa fraudulently induced him into signing the agreement. Among his damages, Bundy claims that Adesa owes him the purchase-price of the Nissan Maxima, purchased by Pop-N-See under Adesa's Terms and Conditions. In other words, Bundy's liability and damages claims depend on the agreement containing the forum-selection clause. Thus, the trial court could have reasonably determined that Bundy is equitably estopped from refusing application of the forum-selection clause. *See G.T. Leach Builders*, 458 S.W.3d at 527 (stating that plaintiff "cannot have it both ways" by, on the one hand, seeking to hold another party liable based on an agreement, but then, on the other hand, denying applicability of an arbitration clause in the agreement because defendant is not a signatory).

We overrule Bundy's second issue.

## C. Waiver of Right to Dismissal under Forum-Selection Clause

In his third issue, Bundy contends that Adesa waived its right to enforce the forum-selection clause against him by substantially invoking the judicial process in Harris County district court. Bundy asserts that Adesa invoked the judicial process when it "moved the [trial] court" to issue the order dismissing Pop-N-See's causes of action with prejudice from the suit. The parties agree that the order resulted from a settlement between Adesa and Pop-N-See.

We begin by noting that it does not appear from the record that Bundy raised in the trial court his objection that Adesa had waived enforcement of the forum-

14

selection clause by invoking the judicial process. Thus, Bundy has not preserved this issue for appeal. *See* TEX. R. APP. P. 33.1(a) (requiring that complaints be made in trial court as prerequisite for appellate review); *see also Burbage v. Burbage,* 447 S.W.3d 249, 257 (Tex. 2014) (party seeking to preserve legal argument for review must apprise trial court of argument in manner that calls for trial court to decide that issue). However, even if he preserved error, Bundy has not shown that the trial court erred by not finding waiver of the forum-selection clause.

"A party waives a forum-selection clause by substantially invoking the judicial process to the other party's detriment or prejudice." *In re ADM Inv'r Servs.*, *Inc.*, 304 S.W.3d 371, 374 (Tex. 2010). Substantial invocation and resulting prejudice must both occur to waive the right. *Perry Homes v. Cull*, 258 S.W.3d 580, 593 (Tex. 2008); *Automated Collection Techs.*, 156 S.W.3d at 559. Whether litigation conduct is "substantial" depends on context and is determined on a case-by-case basis from the totality of the circumstances. *Perry Homes*, 258 S.W.3d at 591–93.

To support his assertion that Adesa waived enforcement of the forum-selection clause, Bundy points to the trial court's order dismissing Pop-N-See's claims. However, nothing in the order indicates, as Bundy claims, that Adesa "moved the [trial] court" to render the order. No motion is contained in the record, and only Bundy and the attorney representing Pop-N-See signed the order, indicating

their approval of it.[4]  Moreover, as held in the arbitration context, engaging in settlement negotiations does not substantially invoke the judicial process.  *See Cooper Indus., LLC. v. Pepsi–Cola Metro. Bottling Co., Inc.*, 475 S.W.3d 436, 451 (Tex. App.—Houston [14th Dist.] 2015, no pet.).  We conclude that Bundy did not present a record from which the trial court have determined that Adesa waived its right to enforce the forum-selection clause by substantially invoking the judicial process.

We overrule Bundy's third issue.

## Motion for Continuance

In his fourth issue, Bundy complains that the trial court did not grant his oral request to continue the hearing on Adesa's motion to dismiss his claims based on the forum-selection clause.  We review a trial court's denial of a motion for continuance for abuse of discretion.  *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002).

In his brief, Bundy asserts that the trial court should have granted his request for a continuance because Adesa's supplement to its motion to dismiss was a

---

[4]  Bundy attaches the settlement agreement between Adesa and Pop-N-See to his brief. However, the settlement agreement is not contained in the record.  "We must hear and determine a case on the record as filed; we may not consider documents attached to briefs as exhibits when, as here, they are not included in the record."  *Terrell v. Price*, No. 01-16-00376-CV, 2017 WL 2980166, at *4 (Tex. App.—Houston [1st Dist.] July 13, 2017, no pet.) (mem. op.) (citing *Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.)).

"surprise pleading" to which he was entitled more time to defend. However, the record shows that Adesa's motion to dismiss, based on the forum-selection clause, was filed in Bell County district court a year before the hearing, and Adesa's supplement to the motion was filed in Harris County two weeks before the hearing. Bundy does not demonstrate how he was "surprised" by the motion to dismiss.

In addition, even if a trial court abuses its discretion by denying a motion for continuance, to obtain appellate relief, the complaining party must demonstrate that he was harmed by the trial court's denial of the motion. *Pajooh v. Miller*, No. 01-16-00927-CV, 2018 WL 3233466, at *3 (Tex. App.—Houston [1st Dist.] July 3, 2018) (meme. op.) (citing *Pollitt v. Comput. Comforts, Inc.*, No. 01-13-00785-CV, 2014 WL 7474073, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) (mem. op.) (citing TEX. R. APP. P. 44.1(a)). Here, Bundy asserts that he was entitled to more time to defend against the "surprise pleading." However, he does not demonstrate how more time would have aided him in his defense of the motion or show how he was harmed by the denial. We hold that Bundy has not shown that the trial court abused its discretion in denying his motion for continuance.

We overrule Bundy's fourth issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Massengale.