COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
ARMANDO SOLANO,                                   )                  No. 08-04-00166-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                 County Court at Law No. 5
)
SYNDICATED OFFICE SYSTEMS,                 )                  of El Paso County, Texas
d/b/a CENTRAL FINANCIAL CONTROL,      )
                                                                             ) (TC# 2001-3024)
                                    Appellee.                          )

O P I N I O N

            Armando Solano appeals an adverse judgment awarded in favor of Syndicated Office
Systems (SOS) in a suit on a sworn account for medical services rendered. Finding no error, we
affirm.
FACTUAL SUMMARY
            SOS sued Solano alleging that on March 25, 1998, Providence Memorial Hospital provided
medical services to Matthew J. Solano. Providence assigned the account to SOS, which had a
balance due of $9,260.68. Attached to the petition was an itemized accounting of charges incurred. 
The petition was supported by the affidavit of Mona Orta, the custodian of records. Orta established
the balance due, and stated that the account records were taken from original records of entry which
were maintained by the health care provider in its regular course of business by an employee with
knowledge at or near the time of the event. Orta verified that the account was, within her
knowledge, just and true and that all lawful offsets, payments, and credits had been allowed. 
            On August 31, 2001, Solano sent a letter to the court in which he explained that he had
contacted the insurance companies covering Matthew during the dates of service alleged and that he
was trying to arrange for payment by Prudential, with the remainder to be paid by a secondary
insurance company.
            A bench trial was held on March 12, 2004 with Solano appearing pro se. Because Solano
had not filed a verified denial, SOS asked the court to render judgment on the sworn account. The
court then explained the procedural posture to Solano and the effect of the pleading deficiency. The
judge then asked Solano whether the bill was owed or not. Solano’s wife, Josefina, volunteered that
the bill was indeed owed. She explained that she and her husband were covered by separate
insurance policies and that the two carriers were fighting over who should pay the bill. Josefina was
willing to pay it, but she did not want to pay more than what was required by the policy. The judge
told the couple that he sympathized with them in dealing with the carriers, but he noted that the
services were rendered in 1998 and some six years later, the bill remained unpaid. He entered
judgment for SOS in the amount of $9,260.68. 
            David Escobar, attorney for SOS, then testified regarding attorney’s fees. He has been
practicing law since 1973 and his usual fee for similar cases is $150 per hour, which he believed to
be fair, reasonable, and necessary in El Paso County. He had worked ten hours on this case, for a
total fee of $1,500. But he asked the court to award only $1,000. Solano had no questions or
objections and the court awarded fees of $1,000. 
SWORN ACCOUNT
            In Point of Error One, Solano contends that the petition did not properly allege a sworn
account because it did not contain a systematic, itemized statement of goods or services sold to him,
did not indicate his relationship with Matthew, and did not detail why he was liable for Matthew’s
debt. He also complains that the petition did not state that the charges were in accordance with an
agreement between him and Matthew or that the charges were usual, customary, and reasonable for
the services rendered. Finally, Solano argues that he and his wife were not sworn as witnesses, did
not discuss the reason for the debt, and did not admit owing the debt. In Point of Error Two, Solano
claims that if the petition did not properly allege a sworn account, then it cannot be considered prima
facie evidence. In Points of Error Four and Six, he posits that if the petition is not prima facie
evidence of a sworn account, then there is insufficient evidence to support the judgment. 
            The elements necessary to prove a suit on a sworn account are: (1) a sale and delivery of
goods or services; (2) the charges on account are just, i.e., the prices are charged in accordance with
an agreement or, in the absence of agreement, are usual, customary, and reasonable prices; and (3)
the amount remains unpaid. Tex.R.Civ.P. 185. The cause of action must be supported by the
affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths,
to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that
all just and lawful offsets, payments and credits have been allowed. Tex.R.Civ.P. 185. Orta’s
affidavit contained all of these necessary components and was attached to the petition. A party
resisting a sworn claim must comply with the rules of pleading and timely file a verified denial or
he will not be permitted to deny the claim. Tex.R.Civ.P. 93(10); 185. Solano did not file a sworn
denial. If the pleading requirements are met and the opposing party fails to file a verified denial, then
the petition and affidavit constitute prima facie evidence of the sworn account. Tex.R.Civ.P. 185. 
            The failure to follow Rule 185 precludes the defendant from raising a fact issue and from
disputing the receipt of the items or services rendered or the correctness of the claim. Airborne
Freight Corp. v. CRB Marketing, Inc., 566 S.W.2d 573, 574 (Tex. 1978). The defendant may not
deny the claim or raise an issue that he did not owe the account or that it was wrongfully charged to
him. Wilson v. Browning Arms Co., 501 S.W.2d 705, 706 (Tex.Civ.App.--Houston [14th Dist.]
1973, writ ref’d); First Nat. Bank of San Angelo v. Sheffield, 475 S.W.2d 820, 821 (Tex.Civ.App.--
Austin 1972, no writ). 
            Because SOS properly pled a suit on sworn account and Solano failed to file a verified denial,
we conclude that the petition and affidavit constitute prima facie evidence of the claim. We overrule
Points of Error One, Two, Four, and Six.
ADMISSION OF A PARTY
            In Point of Error Five, Solano challenges the trial court’s finding that he admitted the medical
services were provided to his son. He claims that he never admitted the debt and since neither he
nor his wife were sworn as witnesses, Josefina’s admission could not be used against him. A
defendant’s failure to file an answer that conforms with Rule 185 amounts to an admission that the
account is correct. See Brown v. Clark, 557 S.W.2d 558, 560 (Tex.Civ.App.--Texarkana 1977, no
writ); Requipco, Inc. v. Am-Tex Tank & Equip., Inc., 738 S.W.2d 299, 303 (Tex.App.--Houston [14th
Dist.] 1987, writ ref’d n.r.e.). We overrule Point of Error Five.
SUFFICIENCY OF THE EVIDENCE
            In Point of Error Three, Solano complains that even if the petition is prima facie evidence
of the sworn account, it was not offered into evidence and will not support the judgment. We
disagree. In the absence of a verified denial challenging the account, admission of the pleading was
unnecessary. See Airborne Freight Corp., 566 S.W.2d at 575. Point of Error Three is overruled.
JUDGMENT CONFORMS TO PLEADING
            In Point of Error Seven, Solano asserts that the judgment does not conform to the pleadings.
The trial court awarded judgment in the amount of $9,260.68, the exact amount of the sworn account
which forms the basis of the suit. Point of Error Seven is overruled.
ATTORNEY’S FEES
            Finally, in Point of Error Eight, Solano complains that attorney’s fees cannot be awarded if
the underlying case is not proven. A party may recover reasonable attorney’s fees if it prevails and
recovers damages on a cause of action for which attorney’s fees are recoverable. See
Tex.Civ.Prac.&Rem.Code Ann. § 38.001 (Vernon 1997); Green International, Inc. v. Solis, 951
S.W.2d 384, 390 (Tex. 1997). A person may recover reasonable fees in addition to the amount of
a valid claim and costs if the claim is for (1) rendered services; (2) performed labor; (3) furnished
material; (4) freight or express overcharges; (5) lost or damaged freight or express; (6) killed or
injured stock; (7) a sworn account; or (8) an oral or written contract. Tex.Civ.Prac.&Rem.Code
Ann. § 38.001. The statute also allows for the recovery of fees in a suit for quantum meruit. See
Olivares v. Porter Poultry & Egg Co., 523 S.W.2d 726, 731 (Tex.Civ.App.--San Antonio 1975, no
writ)(involving a quantum meruit claim for materials furnished). 
            This action was pled as a sworn account or in the alternative as a claim for quantum meruit. 
Since we have concluded that SOS properly prevailed on a sworn account, it was entitled to recover
reasonable attorney’s fees. We overrule Point of Error Eight and affirm the judgment of the trial
court.
August 25, 2005                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice
Before Panel No. 5
Barajas, C.J., McClure, and Ables, JJ.
Ables, J. (sitting by assignment)