COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-129-CV

 

 

INNOVATIVE MAILING
SOLUTIONS, INC.                               APPELLANTS

AND JOHN ANDERSON

 

                                                   V.

 

LABEL SOURCE, INC.                                                              APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








In four
points, Appellants Innovative Mailing Solutions, Inc. and John Anderson
(collectively AIMS@) assert
that the trial court (1) erred by denying their motion to transfer venue, (2)
abused its discretion under Texas Rule of Civil Procedure 63 by denying IMS=s motion
for leave to file its original answers, (3) erred by concluding that there was
no good cause for the delay in filing IMS=s
answers, and (4) erred by awarding attorney=s fees
and expenses based on the testimony of an interested witness.  We affirm. 


II. 
Factual and Procedural History

In
October 2006, Appellee Label Source, Inc. entered into an agreement with IMS to
provide mailing services.  By May 24,
2007, IMS owed Label Source $4,250.14, prompting Label Source to send demand
letters requesting payment for the outstanding account balance.  Label Source subsequently filed suit against
IMS for breach of their agreement.  On
August 20, 2007, IMS filed a motion to transfer venue and attached to it
Anderson=s
affidavit, which set forth facts purporting to establish venue in Dallas County
or Collin County.








IMS=s motion
to transfer was set for hearing on October 15, 2007.  On the date of the hearing, IMS=s
attorney appeared, but Label Source=s
attorney did not, apparently due to lack of notice of the hearing.[2]  Consequently, the trial court did not enter
an order on the motion.  Almost a year
later, on August 7, 2008, IMS filed a motion for entry of an order based on the
October 15, 2007 hearing; alternatively, it requested resetting the hearing on
its motion to transfer.  The trial court
set the hearing on the motion for September 29, 2008, but IMS=s
attorney failed to appear, and the trial court entered an order denying IMS=s motion
to transfer.  

The case
was then set for trial on January 30, 2009. 
One day before trial, IMS, which had not previously filed an answer in
the suit, filed a motion for leave to file its original answers.  The trial court heard argument and denied the
motion for leave because A[t]here ha[d] been plenty of
time.@  Label Source then moved for a judgment on the
pleadings, which the trial court granted. 

The only
evidence presented at trial was Label Source=s
counsel=s
testimony about attorney=s fees.  The trial court found that $4,800 was a
reasonable fee under section 38.001 of the civil practice and remedies code. On March 9, 2009, the trial court entered
supplemental findings of fact and conclusions of law in which it concluded, in
part, that Tarrant County was the proper venue for this action and that there was
no good cause for IMS=s delay in filing its
answers.  This appeal followed.      

III.  Venue

In its
first point, IMS argues that the trial court erred by denying its motion to
transfer.  Label Source responds that IMS
waived the right to challenge venue by not using due diligence in requesting a
hearing and obtaining an order from the trial court on its motion.

 








A.  Rule of Civil Procedure 87

Rule
87(1) of the Texas Rules of Civil Procedure reads in part as follows:

AThe
determination of a motion to transfer venue shall be made promptly by the court
and such determination must be made in a reasonable time prior to commencement
of the trial on the merits.  The movant
has the duty to request a setting on the motion to transfer.@  Tex. R. Civ. P. 87(1).

In
commenting on this very language from rule 87(1), the Austin Court of Appeals
has noted,  

It is apparent that this language contemplates a speedy determination
of a venue question.  Indeed, we find it
implicit in the language and purpose of this rule that a movant may not sit on
his rights indefinitely without incurring waiver.  Thus, while a trial court may rule on a venue
motion without a hearing, the movant is under a duty to request a hearing to
urge his motion within a reasonable time. 
Here, Whitworth waited more than a year after filing his motion to
transfer venue before requesting a hearing on that motion.  His complete lack of diligence is
inconsistent with the purpose of Rule 87(1), and the trial court could have
refused his motion on that basis.   

 








Whitworth v. Kuhn, 734
S.W.2d 108, 111 (Tex. App.CAustin
1987, no writ) (internal citations omitted). 
Likewise, in finding that a fourteen-month period between filing the
motion to transfer and obtaining a hearing on the motion constituted a lack of
diligence in securing the hearing, another of our sister courts observed that A[a]
party filing a venue motion has the burden to diligently request a setting on
the motion and obtain a ruling prior to a trial on the merits. A delay in
obtaining a hearing provides a basis for the trial court to deny a venue
motion.@  Carlile v. RLS Legal Solutions, Inc.,
138 S.W.3d 403, 408 (Tex. App.CHouston
[14th Dist.] 2004, no pet.) (internal citations omitted).

Further,
the movant must demonstrate a Acontinuing
intention to insist on the motion [to transfer venue and] . . . he must pursue
a hearing thereon in order to later rely upon his motion on appeal.@  Gentry v. Tucker, 891 S.W.2d 766, 768B69 (Tex.
App.CTexarkana
1995, no writ).  Otherwise, a failure to
obtain a ruling on a motion to transfer venue in a timely manner
constitutes  waiver on part of the
movant.  Grozier v. L-B Sprinkler,
744 S.W.2d 306, 309B10 (Tex. App.CFort
Worth 1988, writ denied) (AThe law
in Texas has long been that any party to a lawsuit may expressly or impliedly
waive rights conferred upon him by a venue statute.  The matter of venue is a personal privilege
which may be waived.@).

B.  Analysis








IMS
initially waited three months to have a hearing on its motion to transfer, for
which Label Source apparently received no notice.  IMS failed to request a second hearing for
over eleven months, and IMS=s
counsel then failed to appear at the second hearing.  Considering the time elapsed between the time
the motion to transfer was filed and a properly noticed hearing obtained (at
which the movant did not appear), we hold that this absence of diligence in
obtaining a ruling constitutes waiver. 
This is reinforced by an absence of any evidence that IMS made any
effort to determine whether the trial court had ruled on its motion until
nearly three months after the second hearing, and then only at the time of
trial.  We overrule IMS=s first
point. 

IV.  Motion
for Leave to File Original Answers

In its
second point, IMS asserts that the trial court abused its discretion and failed
to follow rule 63 by denying IMS=s motion
for leave to file original answers on the eve of trial.  Label Source responds that the trial court
acted properly because Label Source showed surprise and prejudice.  

To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex.
2004).  An appellate court cannot
conclude that a trial court abused its discretion merely because the appellate
court would have ruled differently in the same circumstances.  E.I. du Pont de Nemours & Co. v.
Robinson, 923 S.W.2d 549, 558 (Tex. 1995).

In its
supplemental conclusions of law, the trial court stated:

15.  Defendants= filing of their answers
on the day before the trial setting operated as a surprise on the Plaintiff.

 








16.  Defendants= answers contained new
claims and defenses which were prejudicial on their face.

 

. . . .

 

18.  There was no good cause for the delay in the
filing of  Defendants=
answers.

Conclusions of law may not be
challenged for factual sufficiency, but they may be reviewed to determine their
correctness based upon the facts.  Citizens Nat=l Bank
v. City of Rhome, 201 S.W.3d 254, 256 (Tex. App.CFort
Worth 2006, no pet.); Dominey v. Unknown Heirs & Legal Representatives
of Lokomski, 172 S.W.3d 67, 71 (Tex. App.CFort
Worth 2005, no pet.).

Assuming
that rules 63 and 66 apply to an original answer filed on the eve of trial, our
supreme court has noted,  

Under Rules 63 and 66, a trial court has no discretion to refuse an
amendment unless:  (1) the opposing party
presents evidence of surprise or prejudice, or (2) the amendment asserts a new
cause of action or defense, and thus is prejudicial on its face, [unnecessarily
delaying trial] and the opposing party objects to the amendment.

 

Greenhalgh v. Serv. Lloyds Ins.
Co., 787 S.W.2d 938, 939 (Tex. 1990) (internal citations omitted).  








IMS
first argues that Label Source did not make a showing of surprise to justify
the trial court=s denial of its motion.  However, a review of the record shows the
contrary.  A suit on sworn account
requires a verified denial.  See Tex.
R. Civ. P. 185.  The day before trial,
counsel for Label Source had yet to be served with any answer, and on the day
of trial, Label Source asserted surprise, stating that Athe
whole trial ha[d] totally changed@ with
regard to IMS=s proposed last minute
answer.  Counsel for Label Source was
prepared to, and did, move for judgment on the pleadings of its suit on sworn
account.  See Solano v. Syndicated
Office Sys., 225 S.W.3d 64, 67 (Tex. App.CEl Paso
2005, no pet.) (setting out sworn account elementsCthat a
sale and delivery of goods occurred, the charges on the account are just, and
the amount remains unpaid, supported by an affidavit that all just and lawful
offsets have been allowedCand stating that if the party
resisting a sworn account claim fails to timely file a verified denial, he will
not be permitted to deny the claim).  In
its attempted late answer, IMS tried to deny each element of a suit on sworn
account and to raise as affirmative defenses that the products received were
defective, that no offsets had been made, and that Label Source had breached
its implied warranties of merchantability and fitness for a particular purposeCa far
different situation from what Label Source was prepared to address, i.e.,
judgment on the pleadings on its suit on sworn account.








IMS next
argues that its motion established that there was no surprise because its
motion to transfer and its responses to requests for disclosure and
interrogatories contained Anderson=s
specific denial as to liability in his individual capacity and its
defenses.  However, a review of the
record reveals that, although IMS did set out in its discovery responses
allegations that Label Source sold some defective products and did not give IMS
credit for them, it did not mention its breach of implied warranty affirmative
defense in any of these documents prior to the day of trial.[3]  Cf. City of The Colony v. N. Tex. Mun.
Water Dist., 272 S.W.3d 699, 745 (Tex. App.CFort Worth 2008,
pet. filed) (stating, under rule 66, that an amendment is prejudicial on its face
if it asserts a new substantive matter that reshapes the nature of the trial
itself, the opposing party could not have anticipated the amendment in light of
the case=s prior
development, and the opposing party=s presentation of
the case would be detrimentally affected).

IMS also
argues that a statement by Label Source=s
counsel that he was ready to proceed is a tacit admission that he was not
surprised.  There is no such tacit
admission in the record.  Label Source=s
counsel stated that he Awas prepared to come to trial
today to argue what was in [his] file, and then this morning . . . the whole
trial has totally changed . . .,@
indicating he was only prepared to try the case with no answer on file from IMS.








IMS
finally asserts that its proposed original answer did not prejudice Label
Source.  However, because surprise is
sufficient reason alone to deny the last minute filing request, we need not
address this argument.  See Tex.
R. App. P. 47.1; Greenhalgh, 787 S.W.2d at 939.  We hold that the trial court did not abuse
its discretion by disallowing the last-minute answer, and we overrule IMS=s second
point. 

V.  Delay
in Filing

In its
third point, IMS asserts that the trial court erred by concluding that there
was no good cause for the delay in filing IMS=s answer
on the eve of trial. IMS urges that the trial court should have allowed the
last-minute filing by enlarging the time during which its answer could be
properly filed under rule 5 of the Texas Rules of Civil Procedure.








The
trial court=s permission is necessary to
file a pleading within seven days of trial. 
Tex. R. Civ. P. 63.  Rule 5 may be
used to enlarge time Awhere good cause is shown for
the failure to act.@ 
Tex. R. Civ. P. 5.  In its motion
for leave to file original answers, IMS avers as good cause that A[s]ince
there has been no order entered with respect to the Motion to Transfer, the
defendants have not filed their answer.@  However, counsel for IMS did not appear at
the hearing on the motion to transfer nor check with the trial court to see if
an order had been entered prior to the day of trial.  Inaction or neglect does not constitute good
cause.  See, e.g., Woods v. Woods,
193 S.W.3d 720, 723B24 (Tex. App.CBeaumont
2006, pet. denied) (stating that lack of knowledge of procedural rules is not
sufficient for good cause).  Therefore,
the trial court did not act improperly by finding that no good cause existed to
warrant an enlargement of time to answer. 
We overrule IMS=s third point. 

VI. 
Attorney=s Fees

In its
fourth point, IMS asserts that the trial court erred by awarding attorney=s fees
and expenses based on the testimony of an interested witnessCLabel
Source=s
counselCAcontraven[ing]
established Texas law on the award of attorney=s fees.@  Specifically, it argues,

In the instant case, the attorney for
Appellee testified in general about the attorney=s fees incurred by
Appellee.  Although he was asked to
produce copies of billing statements, he refused based on attorney-client
privilege.  When an inquiry was made
regarding legal assistants, he could only testify that they were
certified.  Despite these deficiencies,
the trial court awarded attorney=s fees in excess
of the amount of Appellee=s claim. 
Under the circumstances, the trial court=s award of
attorney=s fees based upon
the testimony of the Appellee=s counsel
contravened Texas law and must be overturned by this Court.








IMS
focuses on Label Source=s counsel=s status
as an interested witness, basing its argument on Ragsdale v. Progressive
Voters League, 801 S.W.2d 880, 882 (Tex. 1990), which states, AIt is
the general rule that the testimony of an interested witness, such as a party
to the suit, though not contradicted, does no more than raise a fact issue to
be determined by the jury.@  However, the next line sets out the
exception, 

which is that where the testimony of an interested witness is not
contradicted by any other witness, or attendant circumstances, and the same is
clear, direct and positive, and free from contradiction, inaccuracies, and
circumstances tending to cast suspicion thereon, it is taken as true, as a
matter of law.  

 

Id.  And this exception is Aespecially
true@ when
the opposing party has the means and opportunity of disproving the testimony if
it is not true, and fails to do soCthat is,
Afailure
to contradict is another factor to be considered by the court.@  Id. 
The reasonableness of attorney=s fees
is ordinarily left to the factfinder.  Smith v. Patrick
W.Y. Tam Trust, 296 S.W.3d 545, 547 (Tex. 2009). 













Label
Source=s
counsel was the only person to testify about attorney=s
fees.  Although he asserted
attorney-client privilege to protect his client=s
unredacted billing, he also testified about the time, labor, novelty and
difficulty of the questions involved and the skill required; that the
prosecution of this case precluded him from undertaking other representation;
about the fee customarily charged in Tarrant County for similar legal services;
the time limitations imposed; the nature and length of the professional
relationship with Label Source; his experience and ability to perform said
services; the hourly rates charged; and the total amount billed in the
prosecution of Label Source=s
case.  That is, his clear, direct,
positive testimony, made without contradiction or inaccuracies, was made in
accordance with the factors enumerated in Arthur Andersen & Co. v. Perry
Equipment Corp., 945 S.W.2d 812, 818 (Tex. 1997), for the award of attorney=s fees.[4]  We cannot state, on the record and arguments
before us, that the trial court erred by concluding that Label Source=s
counsel=s
testimony was credible, and we overrule this portion of IMS=s last
point.  And to the extent IMS=s legal
assistant fees complaint centers on its interested witness argument,[5]
we overrule the remainder of IMS=s last
point.

VII. 
Conclusion

Having
overruled all of IMS=s points, we affirm the trial
court=s
judgment.

 

 

 

BOB MCCOY

JUSTICE

 

PANEL: WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED: February 4, 2010











[1]See Tex. R. App. P. 47.4.





[2]Counsel for IMS was
unable to produce any evidence of notice to Label Source.





[3]Furthermore, IMS=s argument is a
non-starter because, without an answer on file, a motion for judgment on the
pleadings was appropriate and a trial on the merits was not, notwithstanding
what might have been contained in discovery responses.





[4]IMS also argues that an
attorney=s Aimprecise estimation of
his firm=s fees@ does not permit a court
to award such fees as a matter of law and that a matter-of-law award is
precluded when circumstances tend to impeach the interested witness=s testimony, Asuch as when the fees
sought are two times larger than the other side=s fees, or when the
requested fees are not segregated by claims.@  As Label
Source=s counsel=s testimony was not
imprecise with regard to his firm=s fees, there was no testimony about the size of
IMS=s fees, and there was only
one claimCthe suit on sworn accountCwe need not address this
portion of IMS=s argument.





[5]To the extent IMS
intended otherwise in its argumentCAWhen an inquiry was made regarding legal
assistants, he could only testify that they were certified@Cits point is multifarious
and we thereby disregard it.  See
Shull v. United Parcel Serv., 4 S.W.3d 46, 51 (Tex. App.CSan Antonio 1999, pet.
denied) (AA point of error
addressing more than one specific ground of error is multifarious.  If a court concludes that a point of error is
multifarious, it may refuse to review it or it may consider the point of error
if it can determine, with reasonable certainty, the error about which complaint
is made.@ (internal citations
omitted)), cert. denied, 531 U.S. 835 (2000).  Legal Source=s counsel not only
testified that the paralegals were certified but also that a reasonable hourly
rate in the Fort Worth area for paralegal services was $75 and that they spent
twelve and three-quarters hours of paralegal time investigating, researching,
and prosecuting Label Source=s claims.