

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-129-CV

---

INNOVATIVE MAILING SOLUTIONS, INC.               APPELLANTS
AND JOHN ANDERSON

V.

LABEL SOURCE, INC.                                APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In four points, Appellants Innovative Mailing Solutions, Inc. and John Anderson (collectively "IMS") assert that the trial court (1) erred by denying their motion to transfer venue, (2) abused its discretion under Texas Rule of Civil Procedure 63 by denying IMS's motion for leave to file its original answers,

---

[1] See Tex. R. App. P. 47.4.

(3) erred by concluding that there was no good cause for the delay in filing IMS's answers, and (4) erred by awarding attorney's fees and expenses based on the testimony of an interested witness.  We affirm.

## II.  Factual and Procedural History

In October 2006, Appellee Label Source, Inc. entered into an agreement with IMS to provide mailing services.  By May 24, 2007, IMS owed Label Source $4,250.14, prompting Label Source to send demand letters requesting payment for the outstanding account balance.  Label Source subsequently filed suit against IMS for breach of their agreement.  On August 20, 2007, IMS filed a motion to transfer venue and attached to it Anderson's affidavit, which set forth facts purporting to establish venue in Dallas County or Collin County.

IMS's motion to transfer was set for hearing on October 15, 2007.  On the date of the hearing, IMS's attorney appeared, but Label Source's attorney did not, apparently due to lack of notice of the hearing.[2]  Consequently, the trial court did not enter an order on the motion.  Almost a year later, on August 7, 2008, IMS filed a motion for entry of an order based on the October 15, 2007 hearing; alternatively, it requested resetting the hearing on its motion to transfer.  The trial court set the hearing on the motion for September 29, 2008,

_____

[2] Counsel for IMS was unable to produce any evidence of notice to Label Source.

but IMS's attorney failed to appear, and the trial court entered an order denying IMS's motion to transfer.

The case was then set for trial on January 30, 2009. One day before trial, IMS, which had not previously filed an answer in the suit, filed a motion for leave to file its original answers. The trial court heard argument and denied the motion for leave because "[t]here ha[d] been plenty of time." Label Source then moved for a judgment on the pleadings, which the trial court granted.

The only evidence presented at trial was Label Source's counsel's testimony about attorney's fees. The trial court found that $4,800 was a reasonable fee under section 38.001 of the civil practice and remedies code.

On March 9, 2009, the trial court entered supplemental findings of fact and conclusions of law in which it concluded, in part, that Tarrant County was the proper venue for this action and that there was no good cause for IMS's delay in filing its answers. This appeal followed.

### III. Venue

In its first point, IMS argues that the trial court erred by denying its motion to transfer. Label Source responds that IMS waived the right to challenge venue by not using due diligence in requesting a hearing and obtaining an order from the trial court on its motion.

3

A. Rule of Civil Procedure 87

Rule 87(1) of the Texas Rules of Civil Procedure reads in part as follows: "The determination of a motion to transfer venue shall be made promptly by the court and such determination must be made in a reasonable time prior to commencement of the trial on the merits. The movant has the duty to request a setting on the motion to transfer." Tex. R. Civ. P. 87(1).

In commenting on this very language from rule 87(1), the Austin Court of Appeals has noted,

> It is apparent that this language contemplates a speedy determination of a venue question. Indeed, we find it implicit in the language and purpose of this rule that a movant may not sit on his rights indefinitely without incurring waiver. Thus, while a trial court may rule on a venue motion without a hearing, the movant is under a duty to request a hearing to urge his motion within a reasonable time. Here, Whitworth waited more than a year after filing his motion to transfer venue before requesting a hearing on that motion. His complete lack of diligence is inconsistent with the purpose of Rule 87(1), and the trial court could have refused his motion on that basis.

*Whitworth v. Kuhn*, 734 S.W.2d 108, 111 (Tex. App.—Austin 1987, no writ) (internal citations omitted). Likewise, in finding that a fourteen-month period between filing the motion to transfer and obtaining a hearing on the motion constituted a lack of diligence in securing the hearing, another of our sister courts observed that "[a] party filing a venue motion has the burden to diligently request a setting on the motion and obtain a ruling prior to a trial on the merits.

4

A delay in obtaining a hearing provides a basis for the trial court to deny a venue motion." *Carlile v. RLS Legal Solutions, Inc.*, 138 S.W.3d 403, 408 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (internal citations omitted).

Further, the movant must demonstrate a "continuing intention to insist on the motion [to transfer venue and] . . . he must pursue a hearing thereon in order to later rely upon his motion on appeal." *Gentry v. Tucker*, 891 S.W.2d 766, 768–69 (Tex. App.—Texarkana 1995, no writ). Otherwise, a failure to obtain a ruling on a motion to transfer venue in a timely manner constitutes waiver on part of the movant. *Grozier v. L-B Sprinkler*, 744 S.W.2d 306, 309–10 (Tex. App.—Fort Worth 1988, writ denied) ("The law in Texas has long been that any party to a lawsuit may expressly or impliedly waive rights conferred upon him by a venue statute. The matter of venue is a personal privilege which may be waived.").

B. Analysis

IMS initially waited three months to have a hearing on its motion to transfer, for which Label Source apparently received no notice. IMS failed to request a second hearing for over eleven months, and IMS's counsel then failed to appear at the second hearing. Considering the time elapsed between the time the motion to transfer was filed and a properly noticed hearing obtained (at which the movant did not appear), we hold that this absence of diligence in

5

obtaining a ruling constitutes waiver. This is reinforced by an absence of any evidence that IMS made any effort to determine whether the trial court had ruled on its motion until nearly three months after the second hearing, and then only at the time of trial. We overrule IMS's first point.

## IV. Motion for Leave to File Original Answers

In its second point, IMS asserts that the trial court abused its discretion and failed to follow rule 63 by denying IMS's motion for leave to file original answers on the eve of trial. Label Source responds that the trial court acted properly because Label Source showed surprise and prejudice.

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995).

In its supplemental conclusions of law, the trial court stated:

15. Defendants' filing of their answers on the day before the trial setting operated as a surprise on the Plaintiff.

6

16. Defendants' answers contained new claims and defenses which were prejudicial on their face.

. . . .

18. There was no good cause for the delay in the filing of Defendants' answers.

Conclusions of law may not be challenged for factual sufficiency, but they may be reviewed to determine their correctness based upon the facts. *Citizens Nat'l Bank v. City of Rhome*, 201 S.W.3d 254, 256 (Tex. App.—Fort Worth 2006, no pet.); *Dominey v. Unknown Heirs & Legal Representatives of Lokomski*, 172 S.W.3d 67, 71 (Tex. App.—Fort Worth 2005, no pet.).

Assuming that rules 63 and 66 apply to an original answer filed on the eve of trial, our supreme court has noted,

> Under Rules 63 and 66, a trial court has no discretion to refuse an amendment unless: (1) the opposing party presents evidence of surprise or prejudice, or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, [unnecessarily delaying trial] and the opposing party objects to the amendment.

*Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990) (internal citations omitted).

IMS first argues that Label Source did not make a showing of surprise to justify the trial court's denial of its motion. However, a review of the record shows the contrary. A suit on sworn account requires a verified denial. *See* Tex. R. Civ. P. 185. The day before trial, counsel for Label Source had yet

7

to be served with any answer, and on the day of trial, Label Source asserted surprise, stating that "the whole trial ha[d] totally changed" with regard to IMS's proposed last minute answer. Counsel for Label Source was prepared to, and did, move for judgment on the pleadings of its suit on sworn account. *See Solano v. Syndicated Office Sys.*, 225 S.W.3d 64, 67 (Tex. App.—El Paso 2005, no pet.) (setting out sworn account elements—that a sale and delivery of goods occurred, the charges on the account are just, and the amount remains unpaid, supported by an affidavit that all just and lawful offsets have been allowed—and stating that if the party resisting a sworn account claim fails to timely file a verified denial, he will not be permitted to deny the claim). In its attempted late answer, IMS tried to deny each element of a suit on sworn account and to raise as affirmative defenses that the products received were defective, that no offsets had been made, and that Label Source had breached its implied warranties of merchantability and fitness for a particular purpose—a far different situation from what Label Source was prepared to address, i.e., judgment on the pleadings on its suit on sworn account.

IMS next argues that its motion established that there was no surprise because its motion to transfer and its responses to requests for disclosure and interrogatories contained Anderson's specific denial as to liability in his individual capacity and its defenses. However, a review of the record reveals

8

that, although IMS did set out in its discovery responses allegations that Label Source sold some defective products and did not give IMS credit for them, it did not mention its breach of implied warranty affirmative defense in any of these documents prior to the day of trial.[3] *Cf. City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 745 (Tex. App.—Fort Worth 2008, pet. filed) (stating, under rule 66, that an amendment is prejudicial on its face if it asserts a new substantive matter that reshapes the nature of the trial itself, the opposing party could not have anticipated the amendment in light of the case's prior development, and the opposing party's presentation of the case would be detrimentally affected).

IMS also argues that a statement by Label Source's counsel that he was ready to proceed is a tacit admission that he was not surprised. There is no such tacit admission in the record. Label Source's counsel stated that he "was prepared to come to trial today to argue what was in [his] file, and then this morning . . . the whole trial has totally changed . . . ," indicating he was only prepared to try the case with no answer on file from IMS.

---

[3] Furthermore, IMS's argument is a non-starter because, without an answer on file, a motion for judgment on the pleadings was appropriate and a trial on the merits was not, notwithstanding what might have been contained in discovery responses.

IMS finally asserts that its proposed original answer did not prejudice Label Source. However, because surprise is sufficient reason alone to deny the last minute filing request, we need not address this argument. *See* Tex. R. App. P. 47.1; *Greenhalgh*, 787 S.W.2d at 939. We hold that the trial court did not abuse its discretion by disallowing the last-minute answer, and we overrule IMS's second point.

## V. Delay in Filing

In its third point, IMS asserts that the trial court erred by concluding that there was no good cause for the delay in filing IMS's answer on the eve of trial. IMS urges that the trial court should have allowed the last-minute filing by enlarging the time during which its answer could be properly filed under rule 5 of the Texas Rules of Civil Procedure.

The trial court's permission is necessary to file a pleading within seven days of trial. Tex. R. Civ. P. 63. Rule 5 may be used to enlarge time "where good cause is shown for the failure to act." Tex. R. Civ. P. 5. In its motion for leave to file original answers, IMS avers as good cause that "[s]ince there has been no order entered with respect to the Motion to Transfer, the defendants have not filed their answer." However, counsel for IMS did not appear at the hearing on the motion to transfer nor check with the trial court to see if an order had been entered prior to the day of trial. Inaction or neglect does not

10

constitute good cause.  *See, e.g., Woods v. Woods*, 193 S.W.3d 720, 723–24 (Tex. App.—Beaumont 2006, pet. denied) (stating that lack of knowledge of procedural rules is not sufficient for good cause).  Therefore, the trial court did not act improperly by finding that no good cause existed to warrant an enlargement of time to answer.  We overrule IMS's third point.

## VI.  Attorney's Fees

In its fourth point, IMS asserts that the trial court erred by awarding attorney's fees and expenses based on the testimony of an interested witness—Label Source's counsel—"contraven[ing] established Texas law on the award of attorney's fees."  Specifically, it argues,

> In the instant case, the attorney for Appellee testified in general about the attorney's fees incurred by Appellee.  Although he was asked to produce copies of billing statements, he refused based on attorney-client privilege.  When an inquiry was made regarding legal assistants, he could only testify that they were certified.  Despite these deficiencies, the trial court awarded attorney's fees in excess of the amount of Appellee's claim.  Under the circumstances, the trial court's award of attorney's fees based upon the testimony of the Appellee's counsel contravened Texas law and must be overturned by this Court.

IMS focuses on Label Source's counsel's status as an interested witness, basing its argument on *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990), which states, "It is the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted,

11

does no more than raise a fact issue to be determined by the jury." However, the next line sets out the exception,

> which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law.

*Id*. And this exception is "*especially true*" when the opposing party has the means and opportunity of disproving the testimony if it is not true, and fails to do so—that is, "failure to contradict is another factor to be considered by the court." *Id*. The reasonableness of attorney's fees is ordinarily left to the factfinder. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009).

Label Source's counsel was the only person to testify about attorney's fees. Although he asserted attorney-client privilege to protect his client's unredacted billing, he also testified about the time, labor, novelty and difficulty of the questions involved and the skill required; that the prosecution of this case precluded him from undertaking other representation; about the fee customarily charged in Tarrant County for similar legal services; the time limitations imposed; the nature and length of the professional relationship with Label Source; his experience and ability to perform said services; the hourly rates charged; and the total amount billed in the prosecution of Label Source's

12

case. That is, his clear, direct, positive testimony, made without contradiction or inaccuracies, was made in accordance with the factors enumerated in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), for the award of attorney's fees.[4] We cannot state, on the record and arguments before us, that the trial court erred by concluding that Label Source's counsel's testimony was credible, and we overrule this portion of IMS's last point. And to the extent IMS's legal assistant fees complaint centers

---

[4]... IMS also argues that an attorney's "imprecise estimation of his firm's fees" does not permit a court to award such fees as a matter of law and that a matter-of-law award is precluded when circumstances tend to impeach the interested witness's testimony, "such as when the fees sought are two times larger than the other side's fees, or when the requested fees are not segregated by claims." As Label Source's counsel's testimony was not imprecise with regard to his firm's fees, there was no testimony about the size of IMS's fees, and there was only one claim—the suit on sworn account—we need not address this portion of IMS's argument.

on its interested witness argument,[5] we overrule the remainder of IMS's last point.

## VII.  Conclusion

Having overruled all of IMS's points, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: February 4, 2010

---

[5][...] To the extent IMS intended otherwise in its argument—"When an inquiry was made regarding legal assistants, he could only testify that they were certified"—its point is multifarious and we thereby disregard it.  *See Shull v. United Parcel Serv.*, 4 S.W.3d 46, 51 (Tex. App.—San Antonio 1999, pet. denied) ("A point of error addressing more than one specific ground of error is multifarious.  If a court concludes that a point of error is multifarious, it may refuse to review it or it may consider the point of error if it can determine, with reasonable certainty, the error about which complaint is made." (internal citations omitted)), *cert. denied*, 531 U.S. 835 (2000).  Legal Source's counsel not only testified that the paralegals were certified but also that a reasonable hourly rate in the Fort Worth area for paralegal services was $75 and that they spent twelve and three-quarters hours of paralegal time investigating, researching, and prosecuting Label Source's claims.