# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00215-CV

**Javier Garcia and Maricela Garcia, Both Individually and d/b/a Gar Motorcycle, Appellants**

**v.**

**Bush Hog, L.L.C., Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-08-005030, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is a suit on sworn account. The county court at law granted the plaintiff's motion for summary judgment and awarded damages against the defendants. We reverse the judgment of the county court at law and remand.

The appellee, Bush Hog, L.L.C., provided the appellants, Javier and Maricela Garcia, certain "goods, wares, merchandise, or services."[1] On May 16, 2008, Bush Hog filed suit against the Garcias for collection of the balance owing on their account. Bush Hog filed a motion for summary judgment based on its claim on the sworn account. On October 28, 2008, the county court

---

[1] Suit was filed against the Garcias both individually and doing business as Gar Motorcycle. The evidence indicates that Gar Motorcycle had entered into a security agreement with Bush Hog, and the Garcias—the owners of Gar Motorcycle—had executed a personal guaranty. The Garcias argued at the trial court that Bush Hog sued them in the wrong capacity. We do not address this argument because it is not necessary to our disposition of the appeal.

at law granted the motion for summary judgment and entered a final judgment in favor of Bush Hog, awarding damages in the amount of $24,301.69 as well as attorneys' fees. The Garcias appeal the summary judgment.[2]

We review summary judgments de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Under the standard applicable to a traditional motion for summary judgment, the motion should be granted only when the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In reviewing a motion for summary judgment, we accept as true all evidence favorable to the non-movant, making every reasonable inference and resolving all doubts in the non-movant's favor. *See Nixon*, 690 S.W.2d at 548-49.

The Garcias filed a verified denial in response to Bush Hog's sworn claim on account. Bush Hog concedes that, therefore, it was required to put on proper proof of its claim. *See* Tex. R. Civ. P. 185; *Pennwell Corp. v. Ken Assocs., Inc.*, 123 S.W.3d 756, 765 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The elements of an action on sworn account are: (1) there was a sale and delivery of goods or services; (2) the prices charged are pursuant to an agreement or are usual, customary, and reasonable; and (3) the outstanding amount remains unpaid. *See Solano*

---

[2] Bush Hog argues that we should not consider any of the Garcias' arguments because they do not make any reference to the clerk's record in their appellate briefing. An appellant's brief must contain a clear and concise argument "with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). However, we interpret this requirement reasonably and liberally. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004). The Garcias' briefing contains a clear and concise argument with citations to authorities, and the record is not so large as to inhibit our review.

*v. Syndicated Office Sys.*, 225 S.W.3d 64, 67 (Tex. App.—El Paso 2005, no pet.); *Pennwell Corp.*, 123 S.W.3d at 766.

Bush Hog argues that it established the elements of its claim as a matter of law. To show that there was a sale and delivery of goods or services, Bush Hog relies on documents filed with its motion for summary judgment. Specifically, Bush Hog refers to a printout entitled "A/R Inquiry - Open Item Detail."[3] The printout contains the name "Gar Motorcycle," states an "account balance" of $22,501.69 that is also labeled as "past due," and lists twelve items represented by "Ref Numbers" along with dates and dollar amounts. The printout is attached to an affidavit by the custodian of Bush Hog's records, who avers that the printout is "the original or exact duplicate[] of the original" and that the sum of $22,501.69 is "just, true, and due." She also avers that "[a]ll just and lawful offsets, payments, and credits have been allowed." Neither the printout nor the affidavit states that any items represented in the printout were, in fact, sold and delivered.

Bush Hog also relies on an affidavit filed with its reply to the Garcias' response to the motion for summary judgment. The documents attached to the affidavit include (1) copies of two checks signed by Maricela Garcia, drawn on the account of Gar Motorcycle, and made payable to Bush Hog, each check having been marked as returned for insufficient funds, (2) an account statement, and (3) eleven single-page invoices. The reply was filed on October 28, 2008, the same day as the hearing on the motion for summary judgment. Any affidavit supporting a motion for summary judgment must be filed and served at least twenty-one days before the time specified for

---

[3] The printout is also attached to Bush Hog's pleadings and consists of two pages. However, the version attached to Bush Hog's motion for summary judgment includes only the first page.

a hearing, except on leave of court. Tex. R. Civ. P. 166a(c). At the hearing, the Garcias objected to the untimely filing, and the county court at law did not grant leave from the twenty-one-day service requirement, either at the hearing or in its order granting the motion for summary judgment. Moreover, during the hearing Bush Hog agreed to "withdraw the invoices." Unless there is a basis in the record to conclude that untimely material was filed with leave of court, we presume that the trial court did not consider it. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996); *Luna v. Estate of Rodriguez*, 906 S.W.2d 576, 582 (Tex. App.—Austin 1995, no writ). Therefore, we do not take into consideration the evidence attached to Bush Hog's reply.

Viewing only the evidence in the summary judgment record, and making every reasonable inference and resolving all doubts in the Garcias' favor, we conclude that Bush Hog failed to establish that it is entitled to judgment on its sworn account claim as a matter of law.[4] We reverse the judgment of the county court at law and remand for further proceedings consistent with this opinion.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Reversed and Remanded

Filed: July 16, 2010

_____

[4] We note that the Garcias did not file a verified denial until after Bush Hog filed its motion for summary judgment.

4